## HUYLER'S EXECUTORS vs. ATWOOD and others.

1. A married woman, in taking a conveyance of lands encumbered by a mortgage, can make a valid contract to assume the payment of the mortgage in payment of the purchase money, on which she can be held for deficiency by the mortgagee.

2. An assumption by a grantee of a mortgage debt, incorporated in his deed, though not actually sealed, is a covenant.

3. A parol agreement by a grantee to pay a mortgage on the premises conveyed to him, is valid.

4. The words "gift" and "grant," in the 3d section of the married woman's act, are not used in a purely technical sense, but were intended to embrace all modes of acquiring land by deed. She has capacity to purchase land, to take title in her own name, and to hold it as her separate property.

5. A *feme covert* has capacity to make all contracts necessary and convenient to her as the owner of goods or lands; but she has no power to incur obligations as a person *sui juris*, where the purpose of the contract is neither to benefit her or her separate estate.

6. A promise by the grantee to the grantor, to pay a mortgage debt as part of the purchase money of the land conveyed, does not render the grantee surety for the grantor, but, as between the parties, the grantee is the principal debtor, and the grantor the surety.

7. A deed must be read according to the manifest intention of the parties; and if, by mistake, the words "party of the first part" are written where "party of the second part" should have been written, the mistake will not be permitted to defeat the intention of the parties, but the court will give effect to the deed so as to carry out their intention.

Motion to set aside decree for deficiency.

*Mr. I. W. Scudder,* for motion.

*Mr. R. P. Wortendyke,* contra.

THE VICE-CHANCELLOR.

The question mainly discussed by counsel in this case is : Can a married woman, in taking a conveyance of lands encumbered by a mortgage, make a valid contract to assume the payment of the mortgage in payment of the purchase money, on which she can be held for deficiency by the mortgagee ? This question is not raised by the woman, but by her grantees. They accepted a conveyance from her, containing a covenant that they would pay the mortgage debt as part of the purchase money they agreed to pay her. They claim their covenant is not binding, because made to a person who was under no personal liability to pay the mortgage debt.

It has been held that the personal liability of the covenantee or promisee, for the mortgage debt, is essential to the validity of a contract of assumption, otherwise it is a mere *nudum pactum.* *King* v. *Whitely,* 10 *Paige* 465 ; *Trotter* v. *Hughes,* 12 *N. Y.* 74.

Has a married woman capacity to make such a contract ? The form of the contract is of no importance. Her undertaking in this case is incorporated in the deed, and though not actually sealed, is, nevertheless, a covenant. *Finley* v. *Simpson,* 2 *Zab.* 311. But an oral promise by a person able to contract, is just as valid. *Bolles* v. *Beach,* 2 *Zab.* 680 ; *Wilson* v. *King,* 8 *C. E. Green* 153. By the third section of the act of March 25th, 1852, it is made lawful for a *feme covert* to acquire title to real estate by gift or grant, and to hold it as her separate estate. *Nix. Dig.* 547. It is established, the words gift and grant are not used in a purely technical sense, but were intended to embrace all modes of acquiring land by deed. *Ross* v. *Adams,* 4 *Dutcher* 165 ; *Adams* v. *Ross,* 1 *Vroom* 514. This act unquestionably gives her

capacity to purchase land, to take title in her own name, and to hold it as her separate property. All property acquired by her in the several modes designated in the act, is made her separate estate. The power to acquire and hold, necessarily includes the right to enjoy, and to do all acts reasonably necessary in acquiring and enjoying. The extent of her capacity to make contracts has been marked out by the highest judicial tribunal of the state. Chief Justice Beasley, in pronouncing the unanimous judgment of the Court of Errors and Appeals, in *Perkins* v. *Elliott*, 8 *C. E. Green* 533, says : " To the extent that a *feme covert* does any act which enables her to use or enjoy her separate estate, the principles of equity will validate such act." Again : " In testing the wife's right to act as a *feme sole*, the only question is, whether she is to derive any benefit from the transaction ; for, if such benefit is to accrue, her right to bind herself is unquestionable, and the court will not measure the adequacy of the benefit which induces her to act." The distinguishing doctrine laid down in this case is, that a *feme covert* has capacity to make all contracts necessary and convenient to her as the owner of goods or lands, but she has no power to incur obligations as a person *sui juris*, where the purpose of the contract is neither to benefit her or her separate estate. This, of course, renders nugatory all attempts to bind herself for the debts, defaults, or miscarriages of other persons.

It is insisted, that a promise by the grantee to the grantor, to pay a mortgage debt as part of the purchase money of the land conveyed, is a contract of suretyship, and cannot, therefore, be made by a *feme covert*. As between the original parties, this is not true ; the promise is not collateral, but primary, and, in equity, the grantee is held to be the principal debtor, and the grantor the surety. *Klapworth* v. *Dressler*, 2 *Beas.* 63 ; *Jarman* v. *Wiswall*, 9 *C. E. Green* 269 ; *King* v. *Whitely* 10 *Paige* 467 ; *Curtis* v. *Tyler*, 9 *Paige* 432 ; *Halsey* v. *Reed*, *Ib.* 446.

The law, in giving married women the right to acquire and hold land, did not intend that their capacity to make contracts

to secure the purchase money, should be so limited and restricted that they could get the land without paying for it. Whether they secure the payment of the purchase money by bond and mortgage, note, or contract to assume the payment of a mortgage, it is a contract they have a capacity to make, and must be enforced.

I am of opinion the contract of Mrs. Sarson to pay the mortgage debt was valid, and that the complainants are entitled to avail themselves of the promises of her grantees to pay the same debt.

In the deed from Mrs. Sarson and her husband to Mr. Pomeroy, the words of the contract are that the " party of the first part" assumes and agrees to pay the mortgage as part of the purchase money. The mistake is evident. The party of the second part was to pay the purchase money. The deed is to be read according to the manifest intention of the parties. There can be no doubt what that is. It is clear the parties intended the grantee should bind himself to pay the mortgage. The court is bound so to construe the contract. *Sisson* v. *Donnelly,* 7 *Vroom* 438, is exactly in point, and must rule this case.

The decree, as originally framed, was clearly defective. Different parts of the mortgaged premises had been conveyed, at different times, to different purchasers, each assuming the payment of a distinct portion of the mortgage debt. The decree made no provision for a sale in parcels, and did not, in any way, ascertain or adjudge the portion or part of the mortgage debt, for which each defendant was liable. But since the decree was signed, the defendants, now asking to have it set aside, have procured orders, first directing a sale in parcels, and second, limiting their personal liability for the mortgage debt, to such sums as they had respectively assumed. This action of the court, at their instance, cures the defects of the decree as it originally stood, and removes all ground of complaint by them. The motion should therefore be denied, with costs. I will so advise.