W. P. BROWNSON, *Plaintiff in Error*, v. M. E. HANNAH,
*Defendant in Error.*

## En Banc.

## Opinion Filed February 11, 1927.

1. The plea of the Statute of Frauds, that is the promise to
   pay the debt of another, such promise not being made in
   writing, is not applicable to a case where the defendant
   has accepted a deed, a part of the consideration for which
   said deed is the assumption by the grantee of a mortgage
   indebtedness mentioned in said deed by a clause stating that
   the grantee assumes the same, since if the acceptance of the
   deed containing such clause or covenant may be considered
   as any promise at all on the part of the defendant, it is a
   promise to pay a debt which he thereby makes his own, as
   a part of the consideration for the deed.

2. The plea of the Statute of limitations is not applicable to
   this case for the reasons hereinafter set forth, it not ap-
   pearing either by the plea or the declaration that the debt
   was one of simple contract not accruing within five years.

3. By the assumption by the grantee in a deed of a mortgage
   indebtedness the grantee thereby becomes, at least as be-
   tween himself and the grantor, the primary obligor for
   the debt.

4. Where a grantee in a deed-poll knowingly accepts a deed in
   which the consideration is expressed as a certain amount
   and "other valuable considerations" and such deed contains
   a clause that the grantee assumes the payment of a specified
   mortgage debt upon the land conveyed, he is as effectually
   bound by said deed as though it was an indenture deed
   *inter partes.*

5. A plea of the Statute of Limitations, that the debt sued
   upon did not accrue within five years, is not applicable to a
   suit based upon the liability of the defendant for a mortgage

debt as evidenced by the acceptance of a deed-poll, knowing that such deed contained a clause that the grantee assumes such specified mortgage debt upon the land.

A Writ of Error to the Court of Record for Escambia County; C. Moreno Jones, Judge.

Judgment affirmed.

*William Fisher,* for Plaintiff in Error;

*Jerry J. Sullivan, Jr.,* for Defendant in Error.

KOONCE, Circuit Judge.—The defendant in error, as plaintiff in the Court below, sued the plaintiff in error, as defendant below, in a common law action, in his declaration alleging the defendant to be indebted to the plaintiff in a certain sum, in that the defendant on a day named became the grantee in a warranty deed from the plaintiff to the defendant, said deed being under seal that by the acceptance of the said warranty deed from the plaintiff to the defendant he, the defendant, thereby obligated himself to pay a certain mortgage debt then owing by the plaintiff to a certain named party, which obligation on the part of the defendant (grantee in said deed) was a part of the consideration for said deed. That the defendant failed and refused to pay the said mortgage debt (which debt was evidenced by a certain note) and that the payee of said note forced the plaintiff to pay the same and he, the plaintiff, became possessed of and the owner of said note. Copies of the deed and the note were attached as exhibits with proper reference.

Demurrer was interposed to the declaration which was overruled. Thereafter the defendant filed several pleas which were each demurred to by the plaintiff and the demurrers sustained by the Court. Upon the defendant

declining to plead further default was entered of record against him, and it was further ordered that the case be refered to a jury, and upon the verdict of the jury finding for the plaintiff and assessing the damages, judgment was rendered against the defendant.

The defendant below brings the case to this Court by writ of error, with five assignments.

The fifth assignment of error is not supported by the record as shown by the transcript, since it appears that a default was regularly entered against the defendant after he had declined to plea further, that a jury returned a verdict and judgment was rendered upon such default and verdict of the jury.

The second, third and fourth assignments may all be considered together, since the real question presented by each assignment is whether or not the acceptance by the defendant from the plaintiff of the warranty deed containing a covenant to pay the mortgage indebtedness, and the failure to so pay it would authorize this suit.

The plea of the statute of frauds, that is the promise to pay the debt of another, such promise not being made in writing, is not applicable to a case where the defendant has accepted a deed a part of the consideration for said deed being the assuming by the grantee a mortgage indebtedness mentioned in said deed by a clause stating that the grantee assumes the same, since if the acceptance of the deed containing such a clause or covenant, may be considered as any promise at all on the part of the defendant, it is a promise to pay a debt which he thereby makes his own, as a part of the consideration for the deed.

The plea of the statute of limitation is not applicable to this case for the reasons hereinafter set forth, it not appearing either by the plea or the declaration that the debt was one of simple contract not accruing within five years.

The gravamen of this case lies in the acceptance by the defendant of the deed knowing at the time that it contained a covenant that the grantee assumed the mortgage debt which is the basis of this action, and the question presented is whether or not such acceptance is equivalent to a promise under seal. It does not appear that this Court has heretofore been called upon to decide this identical question and therefore this opinion must be based upon the logical effect and the holdings of other Courts of last resort.

The burden of the argument of the plaintiff in error is that the deed relied upon to fix liability is a "deed-poll," that is a deed which is signed only by the grantor and which it was never intended should be signed by the grantee, and that therefore it is at most only evidence of a simple contract on the part of the grantee to pay the debt of the grantor. It must be conceded that the argument is not without logic, nor is it without support of authorities. In the brief of the plaintiff in error much stress is laid upon the distinction between covenants "running with the land" and mere assumptions or undertakings to perform some act independent of the land. There could be no question of liability of the defendant had the deed been an "indenture" intended to be signed by both parties, even if the grantee had neglected to sign but had accepted the deed; neither would there be any serious question about the liability of the grantee in knowingly accepting a deed-poll containing a covenant running with the land, such as for instance a covenant providing for the erection of buildings of a certain class, or one requiring that the grantee refrain from conducting certain business or trades upon the land. The question here presented goes beyond either of these and the Court is called upon squarely to decide whether or not the mere acceptance of a deed by

the grantee, knowing that it contains a covenant that the grantee assumes a certain specified indebtedness against the land, is merely a simple contract or equivalent to a promise under seal.

Supporting the doctrine that the stated conditions would amount to merely a simple contract may be noted the case of Thacker v. Hubard & Appleby, 122 Va. 379, 94 S. E. Rep. 929, where it is said: ''(6) Where the grantee of mortgaged premises did not sign deed in which payment of certain notes was expressly assumed, but simply accepted it, his contract to pay the notes was not a specialty, but a simple contract debt.'' Citing Taylor v. Forbes' Adm'r, 101 Va. 658, 44 S. E. Rep. 888; Willard v. Wood, 164 U. S. 502, 41 L. Ed. 531, 17 Sup. Ct., Rep. 176. While the case of Taylor v. Forbes' Adm'r. does so hold in the text of the opinion it is admitted therein that in other states the rule is otherwise, the language used being: ''It is held in some of the states that an agreement of the grantee in a deed signed and sealed by the grantor only is in the nature of a covenant under seal and consequently a specialty. In other jurisdictions it is held that such an agreement is in the nature of an assumpsit or implied contract arising from the acceptance of the deed, and consequently a simple contract.''

The case of Willard v. Wood, cited above, appears to be the leading case holding that the grantee's liability by reason of acceptance of a deed without himself executing or signing it, containing a covenant on his part to assume a mortgage was a simple contract and not a specialty, and subject to the limitations applicable to simple contracts. While the authorities cited, and all those so holding, are entitled to very serious consideration, the writer of this opinion believes the weight or preponderance of authority to be to the contrary, and is further of the opinion that taking into consideration the evident intent of the parties

at the time of the transaction and the probability that neither party at that time felt the necessity of applying all the legal niceties or technicalities to make their honest intention effective, that justice and right is with the contrary holding.

By the assumption by the grantee in a deed of a mortgage indebtedness the grantee thereby becomes the primary obligor for the debt. See People's Sav. Bank of Tallassee v. Jordan, 200 Ala. 500, 76 South, Rep. 442; Eppes v. Thompson, 202 Ala. 145, 79 South Rep. 611.

In the case of Baldwin v. Emery, 89 Me. 496, 36 Atl. Rep. 994, it is said: "(L) The acceptance of a deed-poll by the grantee or obligee renders him liable to perform all the acts required of him, *as effectually as if it were an indenture executed under his own hand and seal,* but the remedy is assumpsit or debt and not covenant." (Italic supplied.) The cited case was one in which a deed-poll contained a clause stating that the grantee assumed and agreed to pay a certain mortgage.

In the case of Beeson v. Green, 103 Iowa 406, 72 N. W. Rep. 555, it was held: "When a deed containing a covenant by the grantee assuming and agreeing to pay a mortgage on the land is accepted by him, he obligates himself to pay the mortgage as fully as if he had signed the deed." Citing Crawford v. Edwards, 33 Mich. 354; Huyler's Executors v. Atwood, 26 N. J. Eq. 504; Spaulding v. Hallenbeck, 35 N. Y. 206; Atlantic Dock Co. v. Leavitt, 54 N. Y. 35, 13 Am. Rep. 566. The last cited case (Atlantic Dock Co. v. Leavitt) is mentioned in the brief of plaintiff in error and a distinction pointed out that the covenant in that case was one "running with the land," *viz.*: against the erection of a distillery on the land conveyed, and it is further pointed out in the brief that though the New York court later followed the cited case the court expressed a doubt about the correctness of the proposition,

but accepted the authority plus the fact that the deed in the case then under consideration was an indenture purporting to be inter parties. The fact remains, however, that many courts have accepted the Atlantic Dock Co. v. Leavitt case in its broader sense, as a correct statement of the law.

In the case of Eppes v. Thompson, *supra,* it is said: "Where a grantee accepts a deed with knowledge of a recital therein that he assumes an indebtedness against the property, he becomes personally and primarily liable for such debt and such liability carries with it all the incidents of a mortgage security." See also People's Sav. Bank of Tallassee v. Jordan, *supra,* in which latter case referring to a deed similar to the one in the instant case it is said, text page 444 (5) that the condition was "as binding upon the assumptor of the debt as the original obligor." A more recent Alabama case, decided in April, 1926, is that of Tennessee Valley Bank v. Sewell, — Ala. —, 107 South. Rep. 834, and it is there stated "When a mortgagor conveys mortgaged property and grantee assumes payment of mortgage, grantee becomes principal debtor, primarily liable for debt and mortgagor becomes surety." Citing Hamilton v. Robinson, 67 South. Rep. 434.

In Smith v. Davis, 67 Colo. 128, 186 Pac. Rep. 519, it is said: "A grantee of land who assumes and agrees to pay a note secured by mortgage on the land may be sued directly by the holder of the note." It is further held in this case that the original maker of the note in such case becomes surety and the grantee in the deed primarily liable. In the case of Brichetto v. Raney, Cal. App. —, 245 Pac. Rep. 235, a distinction is made between cases where grantee accepts a deed "subject to a mortgage" and where there is a recitation that he "assumes the debt," in the first case he is bound only to the extent of the property; but in the latter he becomes the principal debtor and the grantor (mort-

gagor) security.    See also Bridges v. Sams, — Iowa —, 202 N. W. Rep. 558.

From Century Digest, Vol. 35, Column 1266, the following may be quoted: "(J) The acceptance by the grantee of a deed conveying land subject to a specified mortgage and providing that he shall assume and pay the mortgage binds him as effectually as though the deed were inter parties and executed by both grantor and grantee." Crawford v. Edwards, 33 Mich. 354.

"(1) The acceptance of a deed subject to a trust deed to secure certain notes 'which the grantee assumes' amounts to a covenant that the grantee will pay the debt." McAdaras v. King, 10 Mo. App. 578.

"(M) The acceptance by the grantee of a deed containing a covenant that grantee will pay the mortgage existing on the premises is the covenant of the grantee, though the deed be not sealed by him." Huyler's Exr. v. Atwood, 26 N. J. Eq. 504.    See also Martin v. Humphrey, 58 Neb. 414, 78 N. W. Rep. 715, and cases there cited.

In the case of Hendricks v. Brooks, 80 Kan. 1, 101 Pac. Rep. 622, it is said: "The acceptance of a deed, by the terms of which the grantor warrants the land to be free and clear of all encumbrances, 'except a mortgage of $500 dated November 20, 1888, which grantee assumes and agrees to pay' makes a contract in writing, binding upon the grantee to pay the mortgage, and suit can be instituted upon it, and the same rights maintained as though the deed were also signed by the grantee." Citing opinion of Justice Brewer in the case of Schmucker v. Sibert, 18 Kan. 104, 26 Am. Rep. 765.

To the same effect is the case of Davis v. Hulett, 58 Vt. 90, 4 Atl. Rep. 139, to which case is appended a long citation of authorities in foot note.

From that well recognized standard authority Thompson on Real Property, Section 1200 may be quoted: "While

it is said that a covenant can only be created by a deed, yet it may be as well by deed-poll as by indenture; for the covenantee's acceptance of the deed is such an assent to the agreement as will render it binding on him. * * * While it has been held that the technical action of covenant could not be maintained against a grantee under a deed-poll, because he has not sealed the deed, it ·is commonly said that the preponderance of authority is the other way. * * * Platt, in his treatise on covenants, after stating his view that the proper rule is not to allow the action, goes on to say, "Perhaps, however, the doctrine has been too long sanctioned (that such action can be maintained) to be now reversed."

In Ruling Case Law, Vol. 7, page 1088, paragraph 5, subject, "Acceptance of Deed-Poll as binding grantee," practically the same is said as quoted from Thompson above.

Considering the weight of authority so to be, it may be said: Where a grantee in a deed-poll knowingly accepts a deed in which the consideration is expressed as a certain amount and "other valuable consideration," and such deed contains a clause that the grantee assumes the payment of a specified mortgage debt upon the land conveyed, he is as effectually bound ·by said deed as though it was an indenture deed inter partes."

It therefore follows that: A plea of the statute of limitations, that the debt sued upon did not accrue within five years is not applicable to a suit based upon the liability of the defendant as evidenced by the acceptance of a deed-poll knowing that such deed contained a clause that the grantee assumes a specified mortgage debt upon the land.

The second, third and fourth assignments of error are without merit.

The first assignment of error is the overruling of the defendant's demurrer to the plaintiff's declaration. While there were five grounds stated in the demurrer, only two

grounds are insisted upon: That the declaration is vague, uncertain and indefinite, and that the declaration is upon a joint note alleged to have been paid by one of the joint makers.

Tested by the rule announced by this Court in the case of Bethea v. Houck, 80 Fla. 630, 86 South. Rep. 502, the declaration was good as against the first ground of demurrer. As to the other grounds in view of what has been stated in the foregoing opinion the declaration was also sufficient against the demurrer.

The judgment of the lower Court is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below should be, and the same is hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.