J. N. ACKLEY, *Plaintiff in Error*, v. H. W. NOGGLE, L. L. KIRKPATRICK and C. S. BORDERS, *Defendants in Error.*

Division B.

Opinion filed April 25, 1929.

Petition for rehearing denied June 3, 1929.

*Summerlin & Wimberly,* for Plaintiff in Error;

*Huffaker & Edwards,* for Defendants in Error.

BUFORD, J.—In this case Ackley sued Noggle, Kirkpatrick & Borders in an action of special *assumpsit*. The facts in short as disclosed by the declaration were that Ackley was indebted to one Frank J. Senn in the sum of $5,000.00 and Senn held Ackley's note and mortgage securing the same in the sum of $5,000.00. The mortgage embraced certain lands the property of Ackley. Ackley sold the lands and conveyed the same to J. Walter Pope, Trustee. Pope conveyed the lands to Realty Holding Corporation. Realty Holding Corporation conveyed the lands to Pope Interests, Inc. Pope Interests, Inc., conveyed the lands to H. W. Noggle, L. L. Kirkpatrick and C. S. Borders.

Each of the respective grantees by stipulation in the respective deeds assumed and agreed to pay the debt secured by the original mortgage.

The deed from Pope Interests, Inc., to Noggle, Kirkpatrick & Borders contains the following clause:

This deed is given subject to three mortgages, as follows: ''One in the amount of $5,000.00, given to Frank J. Senn; one in the amount of $15,000.00, given to J. N. Ackley; one in the amount of $20,000.00, given to Realty Holding Corporation.'' Said second party agrees to assume and pay off these mortgages when due.

It is alleged in the declaration that the $5,000.00 mortgage referred to in the deed was the mortgage from J. N. Ackley and his wife, Sarah E. Ackley, made on the 20th day of April, 1923, to Frank J. Senn. It is alleged that the defendants failed and refused to pay the said mortgage indebtedness when it became due and payable, and that Ackley was required to pay and did pay the same and that thereupon the defendants became indebted to Ackley in the aggregate sum of the mortgage indebtedness.

There was a demurrer to the declaration. The demurrer was sustained. The plaintiffs refused to amend the declaration and final judgment was rendered dismissing the suit, to which judgment writ of error was taken.

It was the contention of the appellees in the court below and in this Court that Ackley could only maintain his suit by bill in equity and the case of Keller v. Ashford, 133 U. S. 610, 33 Law Ed. 667, is relied upon to support that contention.

That case originated in the District of Columbia and, therefore, the question of whether or not the action could be maintained at law or only in equity was controlled by the

rule applying in that jurisdiction and may not be relied upon as authority to settle that question in this jurisdiction.

The question as to whether or not, under the facts stated, Ackley may recover in a proper suit against the defendants here is affirmatively stated by the enunciations in the opinion in the case of Keller v. Ashford, *supra*.

The promise relied on here is not a promise contained in a sealed instrument executed by the obligor and, therefore, the suit is a proper one in special *assumpsit* and not in covenant. The liability of the obligor in such cases has been fully defined and enunciated by this Court in the case of Bronson v. Hannah, 93 Fla. 223, 111 So. R. 731, in a very clear and exhaustive opinion prepared by Circuit Judge Koonce and adopted unanimously by this Court. See also Exchange National Bank of Tampa et al. v. Clark, Ray, Johnson Co., 95 Fla. 734, 116 So. 648. See also Wright v. Terry, 23 Fla. 160, 2 So. R. 6; Hunter v. Wilson, 21 Fla. 250; Woodbury v. Tampa Water Works, 57 Fla. 249, 49 So. R. 556.

Upon authority of the cases cited it may be assumed to be settled in this State that when a deed contains a covenant by the grantee assuming and agreeing to pay a mortgage on the land and the deed is accepted by him, he obligated himself to pay the mortgage debt as conclusively as if he had signed a written agreement to that effect as a part of the consideration to be paid for the lands conveyed and also that by the assumption by the grantee in a deed of a mortgage indebtedness the grantee thereby becomes the primary obligor of the debt. See People's Savings Bank of Tallassee v. Jordan, 200 Ala. 500, 76 So. R. 442; Eppes v. Thompson, 202 Ala. 145, 79 So. R. 611; Baldwin v. Emory, 89 Maine 496, 36 A. 994; Beeson v. Greene, 103 Iowa 406, 72 N. W. 555; Tenn. Valley Bank v. Sewell, 214 Ala. 362, 107 So. R. 834; Smith v. Davis, 67 Colo. 128, 186 Pac. R. 519; 41 C. J. 744.

It, therefore, appears that the judgment should be reversed, and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.