An appeal was taken to a final decree awarding $23,174.70 as total amount due on the mortgage debt in which was included $2,000.00 solicitor's fee for complainant.
All appellants assigned as error the awarding of said solicitor's fee, while one of the appellants, Annie N. Gibbons, wife of George A. Gibbons, deceased, in addition to the above assignment, separately assigned as error the court's findings that George A. Gibbons, deceased, and Annie N. Gibbons "assumed and agreed to pay" the mortgage debt and that she "was liable to complainant for the mortgage debt." Assignments of error are not fatally defective because not jointly made, as the point raised by one appellant may be based upon a distinct ruling from other appellants. J. M. P. R. R. Co. v. Broughton,38 Fla. 139, 20 So. R. 869; 8 Standard Procedure 633; Finley v. Foster 211, Ill. App. 609; Mote v. Morton, 46 Fla. 478, 35 So. R. 656.
As to the general assignment based upon the awarding of solicitor's fees, a reading of the bill of complaint will disclose that there is no allegation nor proof that complainant had agreed with his solicitors, or was obligated to pay a fee in any amount. Where the point has been properly presented this Court has held that the fee to be allowed the holders of the mortgage for the services of his solicitors *Page 1107 
in a foreclosure of the mortgage debt is intended as an indemnity to the holder of the mortgage for expenditures necessarily made or incurred to protect his interest and that the burden is on complainant to prove his right to such recovery and establish the basis for computation or determination of the amount. U.S. Savings Bank v. Pittman,80 Fla. 423, 86 So. R. 567; Brett v. First Nat. Bank of Marianna, 97, Fla. 284, 120 So. R. 554; Blount Bros. Realty Co. v. Eilenberger, 98 Fla. 779, 124 So. R. 284.
As to the contention of Annie N. Gibbons, it is noted that the bill of complaint alleges and her deed filed in evidence shows that she and her husband (now deceased) accepted a deed from a grantee of mortgagors in which they assumed and agreed to pay the said mortgage debt, and their immediate grantors had likewise accepted a deed with like provision.
In a very searching opinion of this Court prepared by Circuit Judge Koonce, in the case of Bronson v. Hannah, 93 Fla. 223, 111 So. R. 731, it was considered that the weight of authority is that:
 "Where a grantee in a deed-poll knowingly accepted a deed in which the consideration is expressed as a certain amount and 'other valuable consideration' and such deed contains a clause that the grantee assumes the payment of a special mortgage debt upon the land conveyed, he is as effectually bound by said deed as though it was an indenture deed inter parties." See also Ackley v. Noggle, 97 Fla. 640, 121 So. R. 882; 41 C. J. 725, Sec. 771; Slotto v. Hull Investment Co., decided this term.
A motion was filed in this Court to dismiss the appeal from final decree because (1) an appeal is also pending taken from that portion of the order of confirmation of *Page 1108 
sale awarding a deficiency decree; (2) because the entry of appeal shows a joint appeal with one assignment of error while Annie N. Gibbons filed separate and distinct assignment not included in the complete assignment of errors. The record discloses that heretofore said motion was continued until final hearing.
 "Appeals may be taken upon matters arising after a final appealable judgment or decree which require the judicial action of the court in relation to the rights litigated in the main suit making necessary a substantive and important order or decree, and such order or decree partakes of the nature of a final decision of those rights." Theo Hirsch v. Scott, 87 Fla. 336, 100 So. R. 157.
A subsequent decree confirming sale and awarding a deficiency may be considered as a continuation of the final decree. Fla. Fert. Mfg. Co. v. Hodge, 64 Fla. 275, 60 So. R. 127. The deficiency decree was contained in the order confirming the sale (Mabson v. Christ, 96 Fla. 756, 119 So. R. 131) and an appeal may be taken from a final order awarding a deficiency decree. In J. M. P. R. N. Co. v. Broughton, 38 Fla. 139, 20 So. R. 826, it was held that:
 "Any one of several parties against whom a decree is rendered, who is aggrieved as to his separate interest, may enter a separate appeal."
See also Guarantee T. S.D. Co. v. Buddington, 23 Fla. 514, 2 So. R. 885; Nail v. Browning, 74 Fla. 108, 76 So. R. 679.
There being no sufficient ground alleged authorizing a dismissal of the appeal the motion is therefore denied.
The appeal from the "deficiency decree" has been heretofore affirmed at this term; see Berns et al. v. Harrison, 100 Fla. 192, 129 So. R. 591. *Page 1109 
The final decree appealed from is reversed in so far as it awards attorney's fees to the complainant. In all other respects the final decree is affirmed. The cause is remanded with directions to grant leave to the parties complainant and defendant, if applied for, to amend the pleadings and submit proof upon the matter of attorney's fees, and with leave to the chancellor to make such further orders as may be necessary to accord with his findings upon the question of attorney's fees, including leave to amend the final decree and deficiency decree if necessary.
The order of this Court heretofore made at this term affirming the deficiency decree rendered in this cause and the mandate issued thereon, is hereby modified to conform to the order now made.