## McCurdy's Estate.

Argued January 19, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Hugh D. Scott, Jr.,* with him *Theodore Lane Bean,* for appellants.—Where a contract is executed in Florida, whereby the grantee of real estate situated in Florida assumes and agrees to pay a promissory note secured by a mortgage both of which the grantor (mortgagor) had previously executed and delivered in Florida to the mortgagee, the grantee having paid interest to the mortgagee, the domicile of all the parties save the grantee being Florida, the law of Florida will govern: Allshouse v. Ramsay, 6 Whart. 331; Watson v. Brewster, 1 Pa. 381; Benners v. Clemens, 58 Pa. 24; Hall v. Hoff, 295 Pa. 276; Kennedy v. Ross, 25 Pa. 256.

The law of Pennsylvania does not govern, because, while it is the forum, the substantive rights of the parties conferred by the lex loci contractus are a part of the obligation of the contract, which may not be impaired by a Pennsylvania statute: Edwards v. Kearzey, 96 U. S. 595; McNich v. Straub, 5 Pa. D. & C. 439.

Where the property is deeded subject to the mortgage which the grantee assumes and agrees to pay, the pur-

chaser becomes the principal debtor and no signature of the grantee on the deed or on the mortgage or note is necessary.

A grantee who assumes and agrees to pay a note secured by a mortgage on the land bought, may be sued directly and at law by the holder of such note and mortgage: Webber v. Blanc, 39 Fla. 224.

The appellees cannot invoke the Pennsylvania Act of June 12, 1878, P. L. 205, to evade liability, since the deed of conveyance contains express words stating that the grant is made on condition of the grantee assuming personal liability; this suffices to fix the grantee's liability under the statute: Cock v. Bailey, 146 Pa. 328; Kostenbader v. Spotts, 80 Pa. 430; Metzger's App., 71 Pa. 330; Crooks v. Douglass, 56 Pa. 51; Woodward's App., 38 Pa. 322; Blymire v. Boistle, 6 Watts 182; Campbell v. Shrum, 3 Watts 60.

The general rule is that one purchasing under and subject to the lien of a mortgage, given by his vendor and agreeing to pay the mortgage debt, is a purchaser as between himself and the vendor of the entire estate: Willock's Est., 58 Pa. Superior Ct. 159; Cook v. Berry, 193 Pa. 377; Morris v. Oakford, 9 Pa. 498.

*Samuel H. High,* with him *Aaron S. Swartz, Jr.,* and *John M. Dettra,* for appellee.—Under the laws of Florida, the holder of mortgage notes cannot recover in an action on such notes, against the mortgagor's grantee, who took title under a deed that contains an expressed assumption to pay: First Nat. Bank v. Perkins, 81 Florida 341.

When a question arises in a Pennsylvania court as to the law of Florida it is assumed that the law of Florida is the same as the law of Pennsylvania. The burden of proof is on him who asserts that it is different: Musser v. Stauffer, 192 Pa. 398; Bennett v. Caldwell, 70 Pa. 253,

It is well settled in Pennsylvania that there can be no recovery under the facts in this case: Adams v. Kuehn, 119 Pa. 76; Com. v. DuPont, 254 Pa. 446.

Even if it be proved that appellant, a note holder, has a right to recover against the mortgagor's grantee under the laws of Florida, such right is unenforceable in Pennsylvania: Tritten's Est., 238 Pa. 555; Scudder v. Bank, 91 U. S. 403.

Foreign laws will not be given effect when to do so would be contrary to the settled public policy of the forum: Watson v. Brewster, 1 Pa. 381; Swing v. Munson, 191 Pa. 582.

OPINION BY MR. JUSTICE KEPHART, March 25, 1931:

The deed by which Catherine McCurdy became the grantee of land in Florida for $1, and other valuable considerations, contained the following clauses: "Subject, also to a certain mortgage dated May 1, 1915, held by Sadie E. Key [as mortgagee], in the sum of $9,000, securing one note of even date therewith for said amount and being due and payable on or before three years," and "The grantee herein assumes and agrees to pay the above mortgage and notes." She was not a party to the mortgage and notes but she accepted the deed from her grantor while in Florida. Her residence was Pennsylvania where she died some time after the transfer. Her grantor and the mortgagor in the above mortgage was Otto K. Stapf. Sadie Key, mortgagee and payee in the note, and the First National Bank of St. Petersburg, who had discounted the note, presented claims against the estate at the audit in the Orphans' Court of Montgomery County. Sadie Key claimed the full amount of $9,000 as a mortgage debt or if unsuccessful in that claim then she claimed the balance after the bank was paid. The bank claimed the entire amount of the note in its own right. The claims were disallowed and this appeal followed.

The question before us concerns the effect of the above provision in the deed and the law applicable thereto. We will assume that our law is not in all phases in accord with that of Florida. This contract was made in Florida where it was to be performed. The general rule is that where liability is enforced in another state, the law of the place where the contract is made and is to be performed will govern the rights arising out of such contract, unless they are opposed to the public policy of the state where the action is instituted. So it is necessary to consider, first, the law of Florida as it relates to the questions involved and, second, whether it is against our public policy to enforce it.

The court below was impressed with the fact that as there was no writing by which the grantee expressly agreed to be personally bound, the estate could not be held; stating: "If there is any contractual relation between decedent and any other person, created by her acquisition of the property, it must be found in the deed from the Stapfs to the decedent because that is the only document with which she had to do in acquiring the property." There "the grantee is the negative or supine recipient of the effect of the grantor's act. Since therefore the deed is the act or deed of the grantor alone, any other words contained therein in addition to the words of conveyance would at most be notice to the grantee of encumbrances or other matters or conditions then existing and affecting the title granted." Without discussing the law in this State as applied to these facts it has been held in Florida that "Where a grantee in a deed poll knowingly accepts a deed in which the consideration is expressed as a certain amount, and 'other valuable considerations,' and such deed contains a clause that the grantee assumes the payment of a specified mortgage debt upon the land conveyed, he is as effectually bound by the deed as though it was an indenture deed inter partes": Brownson v. Hannah, 93 Fla. 223, 111 So. 731; Ackley v. Noggle et al., 97 Fla. 640, 121

So. 882; Berns et al. v. Harrison (Fla.), 131 So. 654; Proctor et al. v. Hearne (Fla.), 131 So. 173. The latter two cases were decided in 1930 and from them we conclude that in Florida where the grantee accepts a deed containing the clause as above, the elements of a binding contract are present, and that Mrs. McCurdy in accepting the deed in Florida promised to pay the grantor's debt to the mortgagee as part of the consideration just as if she had signed a written agreement to that effect.

Concerning Sadie Key's claim, as a general rule an endorsement of a note secured by a mortgage carries with it so much of the mortgage as the note represents. The note is the principal obligation, the mortgage being regarded as ancillary and security therefor, so that the transfer of the note carries with it the mortgage (Taylor v. American Nat. Bank, 63 Fla. 631, 57 So. 678), without any written assignment thereof: Miami Mortgage & Guaranty Co. v. Drawdy et al. (Fla.), 127 So. 323. The holder of the note in collecting it has a right to enforce the mortgage security.

An assignee of a mortgage (the holder of the note) is invested with the powers and interests of the mortgagee as fully as if he had been named such in the mortgage: Proctor v. Hearne (Fla.), 131 So. 173; 19 R. C. L. 352, section 124. In Florida a mortgagee under such circumstances is not a necessary party to a bill of foreclosure to collect the debt.

In Taylor v. American Nat. Bank, supra, it was held "the promise to pay, as evidenced by a promissory note, is one distinct agreement......while the pledge of real estate to secure that promise, as evidenced by a mortgage, is another distinct agreement, which is not intended to affect in the least the promise to pay, but only to provide a remedy for the failure to carry out such promise. The holder of the note may, if he sees fit so to do, discard the mortgage entirely and bring an action

on the note": Sparks Enterprises, Inc., v. Christman, 95 Fla. 928, 117 So. 388.

Coming to the effect of the provision in the deed as to the assumption of the mortgage debt, we find that the law of Florida on this subject is settled. Where a grantee in purchasing mortgaged land from the mortgagor assumes and agrees to pay the mortgagee thereon he becomes, as to the mortgagee, the principal debtor, and the mortgagor a surety: Brownson v. Hannah, 93 Fla. 223, 111 So. 731, 51 A. L. R. 976; Ackley v. Noggle, 97 Fla. 640, 121 So. 882; 2 Jones on Mortgages (8th edition), section 920. See, also, note 21 A. L. R. 504, 505. In Proctor v. Hearne (Fla.), 131 So. 173, the court held: The mortgagee may sue the mortgagor alone, or may accept the grantee's assumption of the debt and bring his action against the latter: Realty Holding Corp. v. Noggle et al., 97 Fla. 643, 121 So. 883. In Pennsylvania such contracts are ordinarily covenants of indemnity, and we have held that recovery for any deficiency may be had, if necessary, in the name of the grantor, the mortgagor, to the use of the encumbrancer: Gill's Est., 268 Pa. 500, 502.

When a contract is valid in the state in which it is made and performable, it will be enforced in our courts if it is not contrary to the public policy of this State. Appellee contends that, admitting that the law of Florida is as stated, it cannot be applied here under the doctrine of comity, because of the Act of June 12, 1878, P. L. 205. That act provides that a grantee who purchases real estate subject to a mortgage is not personally liable for its payment, unless he in writing expressly assumed personal liability, or unless there are express words in the deed stating that he does assume such liability; but the use of the words "under and subject to the payment" should not be construed as being sufficient to cause personal liability. The second section provides that the right to enforce such liability shall not inure to any person other than the one with

whom the agreement is made and, if the land is sold, such liability shall not continue, unless there is an express assumption of such continuing liability. It is argued that this is an act declaring the public policy of this State and a contract made in Florida in opposition to the act could not be enforced in Pennsylvania.

Statutes grounded on public policy are those which forbid acts having a tendency to be injurious to the public good. The prime question is whether the thing forbidden is inimical to the public interest. Where public policy requires the observance of a statute, it cannot be waived by an individual or denied effect by courts since the integrity of the rule expressed by the legislature is necessary for the common welfare. However, acts of assembly are not always based on the theory that the subject-matter legislated on is based on public policy or general public good in the sense that these terms are understood. When considering the effect to be given a right arising in another jurisdiction under the doctrine of comity, which right is adversely affected by a statute of this State, the purpose which inspired the statute and its effect, must not be lost sight of; legislation protecting the public against injurious acts, must be distinguished from regulative and other classes of legislation. Where the provisions of an act are regulative or the law is made for the protection of a given class, it cannot always be said to be an act grounded on public policy as that term is understood. As for illustration the statute of limitations, which may be waived by the party interested. The fact that a contract is prohibited by statute in the particular jurisdiction where the doctrine of comity is invoked will not necessarily require the withholding of a remedy for a right arising from a contract performable or made in another jurisdiction: 12 C. J. 439, 440. "A contract......is not, necessarily, contrary to the public policy of a state, merely because it could not validly have been made there, nor is it one to which comity will not be extended, merely because the

making of such contracts in the place of the forum is prohibited......": International Harvester Co. v. McAdam et al., 142 Wis. 114, 120, 124 N. W. 1042, 26 L. R. A. (N. S.) 774, 20 Ann. Cas. 614; 12 C. J. 440. Unless these rules are correct, the doctrine of comity will have a much restricted meaning.

Tested by these principles there is nothing in the Act of 1878 that would cause the law of the State of Florida as it relates to the assumption of a mortgage debt to be in opposition to the interest of our citizens, against public welfare or the settled public policy. The Act of 1878 does not deny the right to make such contract or to incur personal liability. It recognizes such rights but requires that before they can be enforced they must meet the standard set up by the act. The act applies only to persons who purchase land subject to a mortgage or ground rent. The question of conflict of laws may be likened to decisions under the Wills Act where wills are made in another state which has statutes similar to but not exactly like ours.

When our people went to Florida to buy land and there made their agreements, they submitted themselves to the control of that state's laws. In returning to this State, they cannot escape responsibility when sued by taking advantage of our law which required such contracts to be in a specified form. The State will protect its citizens against fraud, imposition and unconscionable conduct but not against the consequences of acts done in good faith, lawful where done, and not contrary to the public policy of this State.

The decree of the court below is reversed with a procedendo, costs to be paid by the appellee.