The declaration in substance alleges that the Hooker Hammock Farms corporation deeded certain lands to R. E. Skinner and Peter G. Caravasios jointly for which the latter purchasers executed jointly and gave in part payment three notes payable one, two and three years from date, secured by a mortgage on the same lands; that later the two purchasers conveyed in two separate deeds the same property to the George E. Sebring Company in each of which grantee "assumes" the mortgage executed jointly by Skinner and Caravasios in the sum of $38,137.50. The first note was paid. The original declaration sought to recover on the second and third notes against the makers of the notes and the George E. Sebring Company. Later the declaration was amended reducing it to one count to cover the second note, and dismissing the two defendants, Skinner and Caravasios, with the apparent purpose and intent to sue the George E. Sebring Company alone upon its obligation assuming the payment of the mortgage. For some reason not appearing of record, the third note which had not yet become due by its own terms was eliminated from the suit.
The George E. Sebring Company filed demurrer to the declaration as amended and among other grounds alleged *Page 390 
that "that portion of declaration applicable to this defendant sets up and alleges two covenants of assumption and it is impossible for this defendant to determine which of said covenants the plaintiff relies upon or which of said covenants this defendant should plead to. It is apparent upon the face of said declaration that each of said covenants therein alleged are separate and distinct, and parties with whom the covenant is alleged to have been entered were different;" also "that said declaration does not state a complete cause of action against this defendant, either on promissory notes in assumpsit or on covenant."
At the same time the above demurrer was filed, a motion to strike was also filed. The demurrer was overruled and the motion to strike denied by the court, and thereupon the George E. Sebring Company filed its plea to the declaration alleging, among other grounds that
 "It did not accept the deeds set forth in said declaration from R. E. Skinner and wife and Peter G. Caravasios and wife."
To this, plaintiff filed joinder of issue. The case came on for trial before a jury which resulted in a verdict being instructed in favor of the plaintiff on the second note with interest, with the jury finding the amount of attorneys' fee.
The third assignment of error is that the court erred in overruling defendant's demurrer to the declaration as amended by order of the court entered September 11, 1928.
The declaration on the notes as against Skinner and Caravasios who executed them, as to whom the cause was on April 11, 1928, dismissed, remained as declared upon in the original declaration except that it was merged by *Page 391 
the amendment into one count against plaintiff in error alone by striking out the words "first", "second" and "third". The mortgage covers the whole property, and secures the whole debt, and the holder of it, aside from any agreement, would be under no obligation to release any part of, or undivided interest in, the property upon payment of a part of the debt. 2 Jones on Mortgages 963.
The notes, while admissible in evidence to prove the amount of damages sustained by breach of the covenant, could not be held to constitute the basis of the liability as pleaded. The declaration is in one long and involved count which sues on a note to which the Sebring Company was not a party also undertakes to sue on the separate assumption clauses in two deeds made to said company, which renders it duplicitous. It is also observed that the deeds to the Sebring Company merely provided that the grantee "assumes" the mortgage given to secure all three notes and the third note was eliminated from the declaration by amendment. A mortgagee is generally allowed to recover in an action of assumpsit against the purchaser who has "assumed" the debt upon the ground of equitable subrogation, or that the transaction amounts to a novation, when the mortgagee assented to such assumption by bringing suit upon the undertaking, (2 Jones on Mortgages, sec. 957) yet he may not be permitted to recover on promissory notes, though secured by the mortgage, when falling due at different dates and when assumed by separate undertakings. It is generally held that a clause in a deed which recites that the premises are subject to a certain mortgage which the grantee "assumes", means the same as the term "assumes to pay" or "assumes and agrees to pay", which amounts to a personal covenant by grantee to pay the mortgage. 2 Jones *Page 392 
on Mortgages, sec. 933. See also Brownson v. Hannah, 93 Fla. 223, 111 So. 731, 51 A. L. R. 976; Ackley v. Noggle, 97 Fla. 640, 121 So. 882.
There can be no question that the awarding of attorney's fee of $598.25 was error as it had no legal basis in the declaration. The demurrer to the declaration should have been sustained. The cause is therefore reversed.