## ALROPA CORP. v KIRCHWEHM

Court of Appeals, 2nd Dist, Clark Co.

No. 404. Decided April 1, 1940

40

Blanc and Steinberg, Philadelphia, Pa., and Keifer and Keifer, Springfield, for plaintiff-appellee.

Cole and Hodge, Springfield, for defendant-appellant.

MONTGOMERY, J. (5th Dist.), sitting by designation.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal on question of law from the judgment of the Common Pleas Court of Clark County, Ohio.

On April 23, 1925, Charles Gordon duly executed. under seal, to Martin Fogal and Anna E. Wettstine a mortgage in the sum of $40,000 on certain described real estate located in Dade County, Florida, securing six duly executed promissory notes.

On the same day the said Charles Gordon, for good and valuable consideration, by warranty deed conveyed to the defendant, J. A. Kirchwehm, the same premises and subject to the said mortgage in the sum of $40,000, which obligation defendant assumed and agreed to pay by the following language:

"This deed is given subject to the Forty Thousand Dollar ($40,000) mortgage now on said property, which the grantee herein assumes and agrees to pay."

On July 15, 1925, the defendant, Kirchwehm, duly conveyed the same premises to a grantee, it being stipulated in the deed that such grantee, as part of the consideration, agreed to assume and pay the said mortgage notes.

In March, 1927, there being defaults, the mortgagees under an accelerating clause, exercised their option of declaring the entire amount due, and thereupon instituted, in the proper court in Dade County, Florida, foreclosure proceedings, making defendants therein the original mortgagor and the assuming grantees.

The defendant, Kirchwehm, was not served with summons, nor did he otherwise enter his appearance in the foreclosure action.

This action proceeded to a sale and confirmation thereof to the plaintiffs, Fogal and Wettstine.

On distribution, the amount was insufficient to pay the costs, taxes, mortgage notes and interest.

No deficiency judgment was taken in this foreclosure action.

The final adjudication was under date of September 5, 1927.

Thereafter, on April 11, 1934, Fogal and Wettstine duly assigned, without recourse, the before mentioned six promissory notes to Ernest Investment Company, Incorporated. Thereafter, the Ernest Investment Company, Incorporated, endorsed in blank, without recourse, the said notes. On the back of the notes appears the following:

"Credit is due on this note for the proceeds under foreclosure sale."

The present plaintiff, Alropa Corporation, is now the holder and owner of said notes.

On December 5, 1934, the plaintiff, Alropa Corporation, duly filed its petition in the Common Pleas Court of Clark County, Ohio, against the defendant, J. A. Kirchwehm, praying for judgment in the sum of $1,434.89, and interest.

The defendant, Kirchwehm, was duly served with summons and thereafter filed answer and on a subsequent day an amended answer.

The second defense of the amended answer raises the issue of the statute of limitations. The issues were joined on plaintiff's petition, defendant's amended answer, plaintiff's reply, and was submitted to the trial court on these pleadings, an agreed statement of facts and evidence.

The cause was submitted to a trial court, jury being waived, and resulted in a finding and judgment for the plaintiff for the full amount claimed.

Aside from the agreed statement of facts, the only evidence submitted was claimed pertinent sections of legislative enactments of the state of Florida, certain decisions of the court of last resort of the state of Florida, and a deposition of a Florida lawyer, called as an expert to give his analysis of the pertinent Florida law, together with citations on which his opinion was based.

The agreed statement of facts provided that all pertinent Florida decisions as contained in the Southern Reporter were admitted in evidence.

Under this agreement the deposition would add nothing in the way of substance and would only be helpful as the reasoning and analysis would be found of assistance to the trial court in the first instance and to this court on review.

The principle of law is universally recognized that courts of one state do not take judicial cognizance of the laws of another state, and where pertinent and in issue, it is necessary to introduce such laws in evidence, either through properly certified copies or by expert testimony. However, when such evidence, in whatever form, is introduced, it becomes the duty of the court to construe and deduce the principle established.

"Where on the trial of an issue respecting the law of another state, the decisions of the courts of that state are given in evidence to the jury, it is the province of the jury to determine

42

whether or not such decisions have been made, but it is the duty of the court to construe and deduce. from them, the rules of law which they establish." **Alexander v Pennsylvania Co., 48 Oh St 623.**

Also to the same effect are the following:

Lake Shore R. R. Co. v Terry, 14 C. C. 536; Ott v Lake Shore R. R. Co., 18 C. C. 395 (affd. 62 Oh St 66); Hickok v Herrill, 56 Oh Ap 378, 9 OO 439. (Motion to certify overruled March 25, 1936).

The agreed statement of facts taken in connection with the pleadings, narrows the issues to the single question as to whether or not the plaintiff's action is barred by the statute of limitations.

Much of the difficulty in determining this question arises by reason of the fact that the trial court, as well as counsel in their original briefs, were giving major attention to the pertinent statute of limitations as though the cases were being tried in Florida. Appellant's supplemental brief and appellee's reply thereto more nearly present the proper approach.

When the plaintiff, Alropa Corporation, brought this action ██ against the defendant in Ohio, the scope of their remedy was controlled by Ohio laws. This principle is universally recognized in every state in the Union. Furthermore, the statute of limitations places a limit of time on the remedy and is controlled by the law of the forum.

Counsel for appellee recognize this principle on page 3 of their answer to supplemental brief.

In **Vol. 32, O. Jur. 209, §5,** we find the following:

"It is fundamental that every state possesses an exclusive sovereignty and jurisdiction within its own territory. A court created within and for a particular territory is bound in the exercise of its powers by the limits of such territory."

We quote from 11 American Jurisprudence, (conflict of laws) §191, where the principle is so well stated:

"It is a universal principle that the forum governs the limitation of actions within its borders and that laws controlling limitations are part of the law of every forum. Such laws, subject to exceptions which are discussed hereinafter, are universally held to affect the remedy; and therefore, in the absence of a statute of the forum changing the rule, the statutes of limitation of the place where the action is brought and the remedy is sought to be enforced, and not those of the place where the contract was made, the right in tort arose, or the plaintiff resides, or of the domicile of one or the other of the persons affected by the litigation, control in the event of a conflict of laws. In short, the **lex fori** determines the time within which a cause of action shall be enforced."

Also Section 193:

"To the general rule that the **lex fori** governs in matters relating to the statute of limitations, where well defined exceptions exist, depending primarily upon the character of the cause of action—that is, whether statutory or common law—or on the presence of so-called "comity statutes" enacted in the state in which suit is brought directly recognizing the limitation laws of the former state."

The pertinent Ohio statute of limitation reads as follows:

"Sec. 11221. Contract in writing. An action upon a specialty or an agreement, contract or promise in writing shall be brought within fifteen years after the cause there accrued."

"Sec. 11234. Action, time for bringing. If the laws of any state or country where the cause of action arose limits the time for the commencement of the action to a less number of years than do the statutes of this state in like causes of action then said cause of action shall be barred in this state at

the expiration of said lesser number of years."

"Sec. 11222. Contract not in writing. An action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

Under the comity provisions of §11234 GC, we now quote Florida, §4664, ¶¶3, 4, and 5:

"Sec. 4664 (2939) Limitations. 3. Within five years.

An action upon any contract, obligation or liability founded upon an instrument or writing not under seal.

4. **Within four years.**

1. An action upon a liability created by statute other than a penalty or forfeiture, * * *."

Counsel for plaintiff-appellee also introduced in evidence and claimed to be pertinent the following part of the section:

"Sec. 4663 (2939) Limitations. Actions other than those for the recovery of real property can only be commenced as follows:

"1. Within twenty years. An action upon a judgment or decree of a court of record in the state of Florida, and an action upon any contract, obligation, or liability founded upon an instrument of writing under seal."

Counsel for plaintiff-appellee urge that under the comity provisions of §11234 GC, the twenty year limitation of the Florida Code is applicable for the reason that the deed from Gordon to Kirchwehm. which contained the assumption clause, was an instrument under seal, and in support of their contention cite the following Florida decisions: Brownson v Hannah, (1927), 119 S. Rep., page 731; (93 Florida 223); Berns v Harrison, 131 S. Rep. 6541; (100 Fla. 1105); Whitfield v Webb, 131 S.

Rep. 786; (100 Fla. 1619); Alabama-Florida Co. v Mays et, 149 S. Rep. 61; (111 Fla. 100).

As a factual question it might be further stated that the mortgage and notes in question, as well as the deed· from Gordon to Kirchwehm, were sealed instruments under the Florida law.

Contra the above, it is the claim of counsel for the defendant that Kirchwehm neither signed nor sealed anything, nor did the plaintiffs or their predecessors in title, and the mere fact that he accepted the deed containing an assumption would not support the claim now presented against him of an instrument under seal. In support of appellant's contention they cite the following Florida cases:

Ackley v Noggle, 121 S. Rep. 882; Slottow v Hall Investment Co., 129 S. Rep. 577; Woodberry v Tampa Water Works Co., 49 S. Rep. 556; Exchange National Bank of Tampa et v Clark-Ray-Johnson, 116 S. Rep. 648.

Counsel for appellant make the further claim that regardless of the Florida law, the twenty year limitation under the Florida statute may not be given application, for the reason that seals are abolished in Ohio, (§232 GC), and that plaintiff's action in the Clark County court was not and could not be on an instrument under seal, and that at the most it would be no more than an action on a written contract, which in Ohio is barred within fifteen years, and under the comity provisions of the Florida law, would be barred in five years.

The Legislature of the state of Ohio in abolishing private seals, did so in the following language, (§32):

"Private seals are abolished, and the affixing of what has been known as a private seal to an instrument shall not give such instrument additional force or effect, or change the construction thereof."

The Supreme Court of Ohio, before seals were abolished, had under consideration a somewhat similar situation to the instant case, the Trustees of **Hocking County v Spencer, 7 Ohio Re-**

ports, part 2, 149. The syllabus reads as follows:

"An action of covenant can not be sustained for rent against a lessee in a lease sealed and subscribed only by the lessors, although such lessee had actually entered into possession under the lease."

In the case of Ackley v Noggle et, 121 So. Rep., 832, heretofore referred to as cited by counsel for appellant, it is stated that where grantee accepted a deed containing covenant for assumption of mortgage, on default, he was liable in special assumption and not in covenant.

This seems to be in conflict with the earlier case of Brownson v Hannah, 119 So. Rep., previously referred to as being cited by counsel for appellee, and being the case upon which appellee places his major reliance. However, the the case of **Poe v Dixon, 60 Oh St 124,** is in direct opposition to the principle announced in Brownson v Hannah, supra. In both cases the court was dealing with mortgage assumptions under deeds of conveyance and the rights of the grantor, who paid the obligation to the mortgagee, and then sought to recover from the assuming grantee. Of course, in the Ohio case the question of private seal was not involved, whereas it was in the Florida case, but this difference will not distinguish the two cases for the reason that in Ohio seals were abolished, and "shall not give such an instrument additional force or effect or change the construction thereof."

In both the Florida and the Ohio cases the courts were dealing with remedies. The Ohio Supreme Court held in the 4th syllabus as follows:

"4. In such case the cause of action accrues at the time the grantor pays the debt, and being one founded on an implied promise, is barred by §4981. **Revised Statutes,** after the expiration of six years."

In the Poe v Dixon case the court in the second syllabus states the following:

"The promise thus arising runs, not to the grantor, but to the mortgagee, whose debt is thus assumed, and the latter, although he is not a party to the deed and may not have known of the arrangement when it was made, may when the promise comes to his knowledge, maintain an action thereon."

It might seem at first glance that the case of **McCormick, Appellant v Taft, Executor, et, Appellees, 61 Oh Ap 200, 12 OO 454,** is in conflict with the case of **Poe v Dixon, 60 Oh St 124,** supra. By making reference to this same case, decided by the Common Pleas Court, and reported in **9 OO 369,** it at once appears that the action was brought by the mortgagor against an assuming mortgagee, and therefore comes clearly within the provisions of the above-quoted portion of the second syllabus of Poe v Dixon, supra.

We are in accord with the decision of the Court of Appeals in the McCormick case, supra, as stated in the syllabus:

"1. A clause in a deed is a contract in writing, and even ██ though unsigned, an action thereon is governed by the 15 year statute of limitation, §11221 GC.

"2. The matter of the statute of limitation, being a question of remedy, is governed by the law of the forum."

The McCormick case did not present the question which we have in the instant case by reason of the so-called comity provision of §11234 GC.

In the reported case the trial court had sustained a demurrer to the petition on the ground that the action was upon an implied contract, and not having been brought within six years after the claim accrued, it was barred as provided in §11222 GC.

On review, the Court of Appeals held that §11221, and not §11222, was the controlling enactment on the question of limitation. The defendant had not filed answer, and hence there was no basis for considering or determining the effect of §11234 GC.

In the instant case, this question is squarely raised through the second defense of the amended answer, and all claimed pertinent sections of the legislative enactment of Florida were presented in evidence and are in the record.

This brings us to a consideration of the determinative question.

We start with the premise that §11221 GC, prescribing fifteen years as the limitation of action on a written contract is controlling, ▉▉▉▉▉▉▉ ▉ but subject to the provisions of §11234 GC, reducing this limitation, if the laws of Florida provide a lesser number of years in a like cause of action.

The action in Ohio was on a written contract. The period of limitation in Florida on actions on certain contracts not under seal, is five years. It is urged that the action in Florida would be on contract under seal, and that the period of limitation of such action would be twenty years.

Ohio does not recognize private seals, hence it could not be properly said that the action in Ohio was on contract under seal. Our comity section does not provide for the highest limitation under which a cause of action might be brought in Florida, but rather we must always consider a like cause of action.

This question very recently has been before the courts in other jurisdictions in the United States and the master case with annotations, will be found in Volume 109 A. L. R., pages 474 to 488, inclusive. Most of these cases were founded on deficiency claims on Florida mortgage notes, and the actions brought in jurisdictions outside of Florida. In most of the cases the statute of limitation was the controlling determining factor.

Counsel for plaintiff was pressing the claim as an instrument under seal. It was in each instance conceded that under the Florida law the instrument would be under seal, but in each instance it was determined that under the law of the forum they were not under seal, and therefore barred under the statute of limitation covering such contracts. In at least two or three of

these reported cases the party plaintiff was the same as in the instant case.

It can serve no useful purpose to make extended quotations from the several cases referred to in the text and annotations in this volume of A. L. R. Nothing less than a complete copy will do the subject justice. We adopt by reference the entire text and annotations and suggest a careful reading.

We do take from the case of Alropa Corporation v Britton (Maine), 188 Atlantic 722, the following as it appears at page 484 of Volume 109, A. L. R.:

"And the decision is in part based on the ground that the form of action adopted by the pleader, rather than the cause of action upon which it is based, determines what statute of limitation is applicable, the court being of the opinion that as the form of action related to the remedy, assumpsit was of necessity the proper form of action to bring in Maine on notes which were not specialties under the laws of that state."

It is urged by counsel for the appellee that the several cases referred to in the annotations in 109 A. L. R., supra should have no controlling force as a precedent in the instant case since Ohio has abolished private seals, and hence there was no necessity of determining whether or not the instruments were under seal. No cases are cited in support of this claim, nor are we able to accept it as sound reasoning. It is true that in the cases annotated in 109 A. L. R., the courts considered the question as to whether or not the instruments were under seal according to the law of the forum, and determining that they did not so qualify under the law of the forum, they were only simple contracts and barred under the appropriate section.

In the instant case it is unnecessary to give any consideration as to whether the instruments are under seal according to the law of Ohio, because there is no such thing in Ohio, hence we apply the appropriate section controlling limitation upon actions on simple contracts.

Counsel for appellee, in their brief, very earnestly and at length urge a

distinction between actions and cause of actions. The term action is defined under §11237 GC. We think it is obvious that the cause of action is the predicate for bringing an action for the redress of a legal wrong and, so forth. In fact, it is always the action that is barred through the statute of limitation, although not infrequently the terms action and cause of action are used interchangeably.

Many other cases, both in Ohio and other jurisdictions have been cited in the briefs. We have examined all of them, but do not find it necessary to make further comment.

It is our conclusion that our comity §11234 GC, invokes the provision of the Florida statute of limitation providing five years on simple contracts.

More than seven years having elapsed since the cause of action accrued, the plaintiff is barred from prosecuting his action in this state.

The judgment of the trial court will be reversed and final judgment entered for the defendant.

HORNBECK, PJ., concurs.
MONTGOMERY, J., dissents.

## APPLICATION FOR REHEARING

Decided May 1, 1940.

Keifer & Keifer, Springfield, for plaintiff-appellee.

Cole & Hodge, Springfield, for defendant-appellant.

BY THE COURT:

The above entitled cause is now being determined on appellee's application for re-hearing. Accompanying the application is memoranda, together with numerous citations of authorities, all of which we have examined. We reiterate what we set forth in our original opinion that the issue of limitation of action pertains to the remedy, and, therefore, is controlled by Ohio law.

One of the controlling limitation features is a provision that where a contract of a foreign state is sued upon in Ohio the limitation statute of the place of contract will be the Ohio limitation, provided such period of limitation is less than the Ohio statute.

Notwithstanding this provision, it must be understood that it is the Ohio law that controls. The mere fact that Ohio by reference, under certain conditions, adopts the law of a foreign state does not in any sense deny the principle of the application of Ohio law. It was our conclusion and determination that plaintiff in bringing his action in Ohio was proceeding upon a written contract. The statute of limitations of this state prescribes a certain period of limitation for action. The statutory law of Florida upon a written contract prescribed a shorter period of time; hence, the law of Ohio under this action prescribes a five year limitation.

It is quite true that we gave considerable weight to the annotations found in 109 A. L. R. 474, 488. We felt that the principle therein announced was analogous to the situation in the instant case, even though in most of the cases the courts were differentiating between what constituted sealed instruments in the state where the action was brought and the state where the action arose. If according to the law of the state where suit was brought it was first determined that the instrument sued upon was not according to the law of that state, an instrument under seal—it then determined that the action would be one on instrument in writing and controlled by the local statute. This is exactly what we determined in the instant case, although, due to the fact that Ohio does not recognize private seals, it was unnecessary for us to differentiate as would be the case in states having and recognizing private seals. All that was necessary for us to do was to determine that the action was one upon a written contract. That it was a contract under seal in the state of Florida would make no difference, since plaintiffs came into Ohio and sought relief under Ohio law.

Counsel makes a special plea for a remand for new trial rather than the entering of final judgment. This is for the purpose of permitting and inject-

Counsel makes a special plea for a remand for new trial rather than the entering of final judgment. This is for the purpose of permitting and injecting into the case the issue that defendant was absent from the state of Florida, and, hence, the statute of limitations would not run.

We know of no authorities suggesting the duty of a reviewing court to remand for new trial for the sole reason of permitting and re-drafting their pleadings and raising new issues. We think the rule of law is well recognized that parties must stand or fall upon the issues as made in their pleadings, and after full trial and reversal on review they will not be given the right to remand.

The application for re-hearing will be overruled.

HORNBECK, PJ. & BARNES, J., concur.
MONTGOMERY, J., dissents.