CHARLES M. MOON v. SOUTHERN MOTORS ACCEPTANCE CORPORATION, *et al.*

173 So. 712.
Division A.
Opinion Filed April 8, 1937.

*A. N. Spence* and *T. B. Ellis, Jr.,* for Appellant;
*Evans Crary,* for Appellee.

BUFORD, J.—Charles M. Moon filed bill of complaint against Southern Motors Acceptance Corporation, a Florida corporation, and W. P. Montgomery, a non-resident, and other defendants, to foreclose a mortgage executed by Southern Motors Acceptance Corporation to complainant to secure the payment of a promissory note dated June 15, 1931, in the sum of $1500.00, payable two years after date with interest at the rate of 7% per annum until paid, interest payable semiannually.

Final decree was entered on December 28th, 1935, in which it was decreed as follows:

"It is further ordered, adjudged and decreed that there is due, owing and payable by the defendant, Southern Motors Acceptance Corporation, to the complainant, Charles M. Moon, upon the notes and mortgage mentioned in the bill, the following sums as principal and interest:

| | |
|---|---:|
| "Principal note of June 15, 1931 | $1500.00 |
| Less credit, voluntarily allowed by complainant, in his testimony, as of the date of note | 108.24 |
| | $1391.76 |
| Interest thereon at 7% from date of note to date hereof—4 years, 6 months, 12 days | 441.63 |
| | $1833.39 |

"And that the sum of $150 is a reasonable amount to be allowed to complainant for attorney's fees by him incurred for the service of his solicitor of record herein; and that therefor, said mortgagor defendant is so liable and under the note and mortgage liable for    150.00

And that the sum paid by complainant for abstract herein:    5.00
is approved as reasonable.

"And that within three days from the date of this decree, the said defendant mortgagor and the defendant W. P. Montgomery do pay unto complainant, or his solicitor    $1988.39
together with and including the costs of this suit, to be taxes by the Clerk of this Court; and it is decreed that the mortgage lien, and the amount of this decree, in favor of complainant, is superior to any claim, lien or right in

and. to the said lands which may exist in favor of the. defendant W. P. Montgomery."

The property described in the mortgage was sold. The. Master made·his report of sale, the pertinent part of which was as follows:

"As further ordered by the said final decree, I beg to state the following account and statement of the amounts payable under the said decree, to-wit:

"Amount of decree, including attorney's fees and expenses of abstract, per paragraph 3 thereof $1988.39

Interest on same from Dec. 27, 1935 to date of sale, 6% 12.14

Court costs per receipts attached 60.15

My fees as Special Master,

Testimony 8.50

Re Sale 51.00

Revenue stamps for deed 5.00 64.50 124.65

.$2125.18

Proceeds of sale, as aforesaid, amounted to $2500.00

Deducting therefrom above mentioned amounts 2125.18

Leaves a residue, or overplus of $374.82

"Which amount, in conformity with said decree, I am paying into the registry of the court to abide further decree.

"The decree is fully satisfied by said sale, leaving said overplus; and I respectfully ask to be discharged from my duties as Special Master, annd that the said sale ·be con-

firmed, and execution of deed to said purchaser authorized and ratified."

On February 7, 1936, W. P. Montgomery filed with the Clerk of the Circuit Court a motion addressed to the Court in which it was prayed that the Court refuse to recognize the sale and decree the same to be null and void and of no effect and that the Court enter its order and decree adjudging that the lands involved in this cause be discharged from the debt evidenced by the Final Decree in this cause.

The motion alleged that Moon had assigned the final decree to Montgomery and that

"Affiant further represents unto the Court that he, the said W. P. Montgomery, is the equitable and actual owner of the lands involved in this cause, as more fully appears from the pleadings and evidence in this cause, and Affiant further says that he did procure the assignment of said Final Decree from the said Plaintiff for the purpose of discharging and satisfying the Plaintiff's obligation, all of which has been fully done, and that if said purported sale were allowed to be consummated it would result in irreparable injury to the said W. P. Montgomery."

Attached to the verified motion was the assignment of final decree referred to which was in the following language:

"KNOW ALL MEN BY THESE PRESENTS that I, CHARLES M. MOON, of the City of Miami, Florida, party of the first part, in consideration of the sum of Five Hundred Dollars ($500.00) cash in hand to me paid by W. P. MONTGOMERY of Bibb County, Georgia, party of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledgd, and in further consideration of a promissory note in the sum of Two Hun-

dred and Fifty Dollars ($250.00) executed by the said W. P. Montgomery, payable to my order on or before three (3) years after date, the receipt of which said note I do hereby acknowledge, and in further consideration of the mortgage hereinafter mentioned to be executed by the said W. P. Montgomery and his wife to me, I do hereby grant, bargain, sell, assign, transfer and set over unto the said party of the second part and his assigns, that certain final decree of reformation and foreclosure entered by the Circuit Court of Martin County, Florida, in the case of Charles M. Moon v. Southern Motors Acceptance Corporation, *et al.,* numbered 854 in Chancery, and also that certain mortgage deed dated July 27th, 1931, and recorded in Mortgage Book 9 at page 565 of the Public Records of Martin County, Florida, together with the note or obligation described in said mortgage and all moneys due and to become due thereon, which said promissory note and mortgage deed are involved in the suit aforesaid.

"I Do FURTHER COVENANT AND AGREE to complete, insofar as possible in my name and at my cost and expense, the foreclosure proceedings aforesaid, for the use and benefit of the party of the second part and his assigns, and to bid the full amount of the said final decree for the property involved in said cause, and if I am the successful bidder for said property, I do further covenant and agree that upon the confirmation of said sale and the vesting of the title to said property in me, to convey the same, with the joinder of my wife, by a special warranty deed in statutory form, to the said W. P. Montgomery or his assigns, provided, however, that the said W. P. Montgomery, joined by his wife, Ruth S. Montgomery, shall contemporaneously therewith execute and deliver to me a purchase-money mortgage, in the form customarily used in this locality, secur-

ing the payment of the promissory note delivered to me upon the execution thereof and containing a provision that the said promissory note secured thereby shall forthwith become due and payable upon the sale of the property encumbered thereby by the said W. P. Montgomery, or his assigns.

"IN WITNESS WHEREOF I have hereunto set my hand and seal at Miami, Florida, this 9th day of January, A. D. 1936.

"Signed, sealed and delivered in the presence of:

"CHARLES M. MOON (SEAL)

"M. R. Pelton
"Katherine S. Edgar."

The assignment was duly acknowledged.

On the same day, February 7, 1936, the court made an order confirming the sale. The order of confirmation was, in part, as follows:

"THEREUPON, after having heard the argument and statements of counsel and of the purchaser and of the Defendant, W. P. Montgomery, it is ordered that the request of the complainant to dismiss the matter be, and the same is hereby denied, and that the motion of said W. P. Montgomery to discharge the final decree and declare void the sale be, and the same is hereby denied, and that the sale by the Special Master to the said E. J. Smith, Jr., be and the same is hereby confirmed, approved and ratified in all respects, and the Special Master is hereby directed to make, execute and deliver a deed conveying the premises involved herein.

"IT IS FURTHER ORDERED AND ADJUDGED That the said Special Master from the funds in his hands do pay the costs of this suit amounting to $60.15, and deduct his costs.

of $64.50 (which includes revenue stamps of $5.00 for deed), and to Complainant's Solicitor the sum of $155.00 covering the attorneey's fees of $150.00 plus $5.00 abstract fee, and the sum of $1845.43 to the joint order of the complainant and W. P. Montgomery.

"It further appearing that there is an overplus of $374.82 which said master has caused to be paid to the Clerk of this Court, which should be paid to the Defendants, Southern Motors Acceptance Corporation and W. P. Montgomery.

"It Is Ordered That said Clerk do pay said sum less his commission thereon to the Defendants, Southern Motors Acceptance Corporation and W. P. Montgomery, jointly, or to their attorneys of record."

On the same date Montgomery filed notice of appeal but did not perfect the same.

On August 27, 1936, Montgomery filed Motion for Modification of the Decree confirming the sale. In that motion he alleged the existence of the assignment to him under date of January 9, 1936, of the final decree which had previously thereto been entered, and he further alleged:

"This defendant further represents that at the Special Master's Sale of said property the sum of Twenty-Five Hundred and 00/100 Dollars ($2500.00) was bid and paid for the property involved herein and that the Order Confirming Sale, which was entered by this Court on the 7th day of February, 1936, provided that the Special Master should pay the costs of this suit amounting to Sixty and 15/100 Dollars ($60.15), and deduct his costs of Sixty-four and 50/100 Dollars ($64.50), (which includes revenue stamps of Five and 00/100 Dollars ($5.00) for deed and paid to Plaintiff's Solicitor the sum of One Hundred Fifty-Five and 00/100 Dollars ($155.00) covering the attorney's fees of One Hundred Fifty and 00/100 Dollars

($150.00) plus Five and 00/100 ($5.00) abstract fee, and that the Special Master pay the sum of One Thousand, Eight Hundred, Forty-five and 53/100 Dollars ($1,845.43) to the joint order of Plaintiff and W. P. Montgomery.

"The defendant, W. P. Montgomery, further represents that as directed by the Court, the Special Master herein, Thad H. Carlton, issued his check in the sum of $1854.53 to Charles M. Moon and W. P. Montgomery jointly and mailed same to the Plaintiff, Charles M. Moon; that said plaintiff now refuses to endorse said check and turn same over to the defendant, W. P. Montgomery, although he is required to do so by the assignment hereinbefore mentioned, but said plaintiff insists on deducting therefrom the amount of $375.00 to which this defendant claims he is not entitled."

He then prayed an order of the Court modifying the previous order confirming sale dated February 7, 1936, so as to provide that the Special Master stop payment upon the check issued to Charles M. Moon and W. P. Montgomery, jointly, and that the Special Master be required to issue his new check to defendant Montgomery for the sum of $1845.53.

While the record shows that the Motion above referred to was filed on August 27, 1936, the record also shows that on the 26th day of August, 1936, the order was made and recorded on the 27th day of August.

The motion for modification of the decree was not verified. Upon consideration of the motion the court entered the following order:

"ORDERED AND ADJUDGED That the complainant Charles M. Moon within ten days from this date return to Thad H. Carlton, Special Master in this cause, the check in the sum of $1845.53 issued by said Special Master to the joint order

of Charles M. Moon and W. P. Montgomery, and in the event that the said check is not so returned said Special Master is hereby directed to stop payment on said check

"It Is Further Ordered and Adjudged That said Special Master shall issue to W. P. Montgomery as soon as the terms of the foregoing paragraph have been complied with, his check in said sum of $1845.53."

From this Order appeal was taken.

It is the contention of the appellant that the court was without power and jurisdiction to enter the order because of the lapse of time and that, if the court had jurisdiction to enter the order, the order was erroneous.

We hold that the record sufficiently shows that the final decree had not been executed so that the court retained jurisdiction to enforce its judgment and decree, although more than six months had elapsed between the entry of the confirmation of sale and the motion for modification.

There can be no doubt that appeal may be taken upon matters arising after a final decree which required a judicial action of the court in relation to the rights litigated in the main suit making necessary a substantive and important order or decree when such order or decree partakes of the nature of a final decision of those rights. Barns, et al., v. Harrison, 100 Fla. 1105, 131 Sou. 654, and cases there cited.

So, the order here complained of is reviewable on appeal.

The evidence before the court as to the rights of the parties so far as the record discloses was the assignment from Moon to Montgomery. This assignment partook of the nature of an executory contract. It shows upon its face that it was contemplated that the lands involved in the foreclosure suit would be bought in at foreclosure sale by Moon and that the property should then be conveyed by

Moon and his wife to Montgomery and that Montgomery and his wife would execute a mortgage on the property to secure the payment of the $250.00 note. It was thus contemplated that in the end Montgomery would be vested with title to the land and Moon would receive from Montgomery for his equity in the property the $500.00 cash plus the $250.00 note with mortgage on the land involved to secure the payment of the note. So, without evidence to show to the contrary, it was error for the court to hold that Montgomery was entitled to the entire proceeds of the sale when the property was not bought in by Moon and that Moon should be left with the $500.00 cash paid by Montgomery and the unsecured note executed by Montgomery payable three years after date.

The record shows that it is impossible for Montgomery to comply with the terms of the assignment by executing mortgage to Moon pledging the property involved in the foreclosure suit as security for the payment of the $250.00.

There has been a partial failure of the consideration for the execution of the assignment and a court of equity, having assumed jurisdiction of the controversy between the parties, may settle all rights and claims existing between them arising out of the subject matter of the suit.

For the reasons stated, the order appealed from should be reversed and the cause remanded with directions that the Chancellor take such testimony as may be required to determine the rights and equities of the parties and thereupon enter his order modifying the order of distribution, if it should appear that same should be modified.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.