## Mercer's Estate.

Argued April 13, 1938.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*P. Herbert Reigner,* for appellant.

*Robert von Moschzisker,* with him *George B. Balmer* and *E. Carroll Schaeffer,* for appellee.

OPINION BY MR. JUSTICE LINN, May 16, 1938:
This appeal is from the rejection of a claim presented at the audit of the account of the executor of Ellen L.

Mercer, who died August 9, 1932. Letters testamentary were issued August 15, 1932. The inventory was filed September 14, 1932. Appellant, on September 8, 1935, filed her petition for a citation to require the executor to account. The claim was for $32,147.46 with interest from September 20, 1935, a claim which appellant purchased for $150.

Ellen L. Mercer, on July 1, 1925, became the grantee of land in Florida, subject to a mortgage of $20,000, securing a debt evidenced by four notes of $5,000 each, thereby assuming payment of the debt. Before the change in forms of action was made by the Practice Acts, it was held in *Maule v. Weaver*, 7 Pa. 329,* that covenant would not lie on such an assumption. The remedy was debt and now is assumpsit; being a simple contract, it was subject to the six-year limitation period (Act of March 27, 1713, 1 Sm. L. 76, section 1, 12 PS section 31) which, as the law of the forum, will be applied: *Rosenzweig v. Heller*, 302 Pa. 279, 153 A. 346. The executor objected that appellant's was a stale claim.

The conveyance to Ellen L. Mercer and to one Hagan was made by Walter H. Nichols and wife subject to the mortgage and containing the assumption. On October 20, 1926, Ellen L. Mercer and Hagan and his wife reconveyed the property to Nichols subject to the mortgage and to his assumption of the debt. The only payment on account of the debt was made by Nichols in August, 1927. In appellant's brief, interest on the original debt was claimed from May 5, 1927, from which we assume that the debt became payable on that date. We need not consider the effect on the limitation period of Nichols's payment (though see *Furst, to use, v. Lock Haven Building & Loan Association*, 128 Pa. 183, 194, 18 A. 341) but shall assume, for purposes of this case,

---

* See also *Luciani v. American Fire Insurance Co.*, 2 Wharton 167, 174; *Farmers' & Mechanics' Turnpike Co. v. McCullough*, 25 Pa. 303, 304; *Willard v. Wood*, 164 U. S. 502.

that, as to decedent, the period of limitation began in August, 1927. The record shows no action by anyone to enforce the claim until appellant filed the petition for the citation, September 8, 1935, which, by the way, appears to have been two days before claimant became assignee of the claim.

As at least more than eight years elapsed before claimant began the assertion of any right, it was barred: *Keyser's Appeal,* 124 Pa. 80, 91, 16 A. 577. Other phases of the case discussed by the learned president judge and by the parties in the briefs need not now be considered.

The decree is affirmed at the costs of appellant.