## McCORMICK v TAFT et

Ohio Appeals, 1st Dist, Hamilton Co

Decided July 5, 1938

Stewart & Beirne, Cincinnati, for appellant.

Taft, Stettinius & Hollister, Cincinnati, for executor of Frank Messer.

Divers & Warm, Cincinnati, and George E. Fee, Cincinnati, for Jacob Warm.

## OPINION

By ROSS, PJ.

The plaintiff brought suit upon a clause in a deed, in which the grantee thereof assumed and agreed to pay a mortgage indebtedness therein specified.

A demurrer to the petition was sustained on the ground that it appeared upon the face of the petition that more than six years had elapsed since the obligation was incurred.

The more favored rule is, that the law of the place of execution governs the construction of contracts. 11 Am. Jurisprudence, 397; **Kanaga v Taylor, 7 Oh St 134;** State ex Fulton, etc. v Heinrich; Restatement "Conflict of Laws," §§332 and 358. On page 438 of the Restatement, we find:

"On the other hand, when the application of the law of the place of performance would extend to a regulation of the substance of the obligation to which the parties purported to bind themselves so that it would unreasonably determine the effect of an agreement made in the place of contracting, the law of the place of performance will give way to the law of the place of contracting."

The matter of the statute of limitations being a question of remedy, it is universally considered to be governed by the law of the forum.

§11221, GC, provides:

"An action upon a specialty or an agreement, contract or promise in writing shall be brought within fifteen years after the cause thereof accrued."

If the provision contained in the deed is in writing, the grantee is bound; if not, the six year statute applies, and the grantee may avoid the obligation.

It is obvious that the Legislature of Ohio recognizes the difference between a contract in writing and one signed by the party to be charged. See §8621, GC.

It is to us perfectly obvious that the obligation assigned as the basis for liability in the petition is in writing, and is so alleged.

No direct authority is cited governing the exact question. Those cases in which it is held that the obligation of the grantee is not under seal are beside the point, since it is apparent that the grantee did not affix his seal, just as if the question was brought up under the statute of frauds, he had not signed a memorandum in writing.

It seems to us clear that two persons

might reduce to writing an  agreement, which neither signed, and thereby bring themselves within the statute of limitation applying to written contracts.

We, therefore, hold that the contract, though unsigned by the party to be charged was in writing, and that §11221, GC, applies, and not §11222, GC.

The judgment is reversed and the cause remanded for further proceedings.

HAMILTON and MATTHEWS, JJ, concur.