Matthias, J.
 

 The issue made clearly presents the question as to whether the statute of limitations of 20 years, as provided by the statute of the state of Florida relating to actions upon contracts under seal, or its
 
 *32
 
 statute applicable to actions on simple contracts, which is limited to five years, is to be applied in this proceeding. Section 4663 (1, 2) Compiled General Laws of Florida.
 

 The provisions of Section 11234, General Code of Ohio, become pertinent. That section is as follows:
 

 “If the laws of any state or country where the cause of action arose limits the time for the commencement of the action to a less number of.years than do the statutes of this state in like causes of action then said cause of action shall be barred in this state at the expiration of said lesser number of years.”
 

 It is contended that under the law of the state where the cause of action arose the limitation upon such cause of action is 20 years. This contention is based upon the decision of the Supreme Court of Florida in the case of
 
 Brownson
 
 v.
 
 Hannah,
 
 93 Fla., 223, 111 So., 731, 51 A. L. R., 976. In that case it was held that a grantee who assumes the payment of a specified mortgage debt upon the land conveyed is bound by the deed as though it was an indenture deed between the parties. It was further held specifically in that case that the five-year statute of limitations was not applicable in a suit based upon liability for a mortgage debt evidenced by the acceptance of a deed poll knowing that it contained a clause wherein the grantee assumed a specified mortgage debt.
 

 The contention of the appellee is that the character of the instrument must be determined under the law of this state and that, seals having been abolished, the transaction in question is but a simple contract. It is contended, therefore, that the statute of limitations of the state of Florida relative to suits on simple contracts must be applied. If that contention be valid, it would follow that the action cannot be maintained for the reason that it was not instituted until after the expiration of five years from the time it accrued.
 

 The specific question presented, therefore, is whether we look to the law of this state to ascertain and deter
 
 *33
 
 mine the character of the obligation and then apply the statute of limitations of the state where the contract was made or to be performed, or 'whether our statute has in effect adopted the statute of limitations of the state where the contract was entered into — in other words, whether we apply the rule that if, by the laws of the state or country where the cause of action arose, the action is barred, then it is barred in this state and, if not barred in the former state, it is not barred in this state. Does our statute warrant the conclusion that if, under the statutes of limitation of the state where the contract was made, the action is maintainable, it can likewise be maintained in this state?
 

 It is to be noted that Section 11221, General Code, provides:
 

 “An action upon a
 
 specialty
 
 or an agreement, contract or promise in writing shall be brought within fifteen years after the cause thereof accrued.” (Italics ours.)
 

 While an instrument bearing a private seal is a specialty, so are foreign judgments and public bonds, and this section does not in any way conflict with Section 32, General Code, which has abolished private seals. Section 11221, General Code, is modified by the enactment of Section 32, General Code, to the extent that the word “specialty” in Ohio no longer includes instruments bearing private seals.
 

 Under the law of Florida, the contract of a grantee, incorporated in the deed, assuming and agreeing to pay a mortgage on real estate is a contract under seal.
 
 Brownson
 
 v.
 
 Hannah, supra; Berns
 
 v.
 
 Harrison,
 
 100 Fla., 1105, 131 So., 654.
 

 In Ohio, seals having been abolished, a stipulation incorporated in a deed whereby a grantee agrees to assume and pay a mortgage on the real estate involved is only a simple contract in writing.
 
 Cleveland Trust
 
 
 *34
 

 Co.
 
 v.
 
 Elbrecht, Trustee,
 
 137 Ohio St., 358, 30 N. E. (2d), 433.
 

 As previously indicated, before the proper statute of limitations can be applied, it is necessary to determine the nature of the contract, and before that can be done it is essential to ascertain whether that shall be determined in accordance with the law of the state of Florida or of Ohio. There apparently is no division of authority upon the proposition that while the law of the place where the contract is made and to be performed governs its construction and effect, the law of the forum is to be applied in all matters respecting the. remedy, including the limitation of the action. Hence, in every instance we must look to the law of the state wherein the action is instituted to ascertain whether it can be maintained. Our statute, Section 11234, General Code, directs that a defendant shall have the benefit of the statute of the state where the cause of action arose if that is a lesser number of years than the limitation of our statute “in like causes of action.” The limitation of action upon a simple contract in writing in Ohio is 15 years; in Florida the limitation upon such a contract is five years. The limitation of action upon a specialty in Ohio is the same as a contract in writing, 15 years, while in Florida it is 20 years. The specific question presented, therefore, is: Is this to be regarded as a cause of action upon an instrument under seal or upon a simple contract in writing? To determine that question, do we apply the law of the place where the contract is made and is to be performed, or the law of the-place of the action?
 

 The general rule applicable is stated in 109 A. L. B., page 482, as follows:
 

 “Since the question as to the limitation of actions is, subject to some exceptions, usually regarded as one relating to the remedy, it may be stated as a general rule, supported by a uniform line of authority, that in controversies where that question depends upon the
 
 *35
 
 primary question whether the instrument in question is or is not one under seal, the character of the instrument as one under seal will be determined by the law of the forum, and the limitation statute of the forum applicable to that character of instruments will be applied, although under
 
 lex loci contractus
 
 a different character would have to be ascribed thereto, and a limitation applied peculiar to that character of instruments.”
 

 Nowhere do we find the rule applicable stated more clearly or more authoritatively than by Mr. Justice Story in the case of
 
 Bank of United States
 
 v.
 
 Donnally,
 
 33 U. S. (8 Pet.), 361, 8 L. Ed., 974. The action was one brought in the state of Virginia upon a promissory note executed in Kentucky. There the contention was made that under the law of Kentucky it was an instrument under seal. The court held that so far as the statute of limitations was concerned, the character of the instrument must be determined by the laws-of the state wherein the action was brought. Upon reaching the conclusion that under the law of that state the paper was not a sealed instrument, the court held that the action was barred by the statute of limitations governing simple contracts in writing. The statement of the principle by Mr. Justice Story is as follows :
 

 “The general principle adopted by civilized nations is, that the nature, validity and interpretation of contracts, are to be governed by the law of the country where the contracts are made, or are to be performed. But the remedies are to be governed by the laws of the country where the suit is brought; or, as it is compendiously expressed, by the lex
 
 fori.
 
 No one will pretend, that because an action of covenant will lie in Kentucky, on an unsealed contract made in that state, therefore, a like action will lie in another state, where covenant can be brought only on a contract under seal.
 

 “It is an appropriate part of the remedy, which
 
 *36
 
 every state prescribes to its own tribunals, in the same manner in which it prescribes the times within which all suits must be brought. The nature, validity and interpretation of the contract may be admitted to be the same in both states; but the mode by which the remedy is to be pursued, and the time within which it is to be brought, may essentially differ. The remedy, in Virginia, must be sought within the time and in the mode, and according to the descriptive characters of the instrument, known to the laws of Virginia,- and not by the description and characters of it, prescribed in another state. * * *
 

 “If, then, it were admitted, that the promissory note now in controversy were a specialty by the laws of Kentucky, still it would not help the case, unless it were also a specialty, and recognized as such, by the laws of Virginia; for the laws- of the latter must govern as to the limitation of suits in its own courts, and as to the interpretation of the meaning of the words used in its own statutes.”
 

 The requirement that the construction of the contract shall be in accordance with the law of the state where it is made and where it is to be performed cannot have application here because there is no issue as to the meaning or effect of the contract, and therefore no construction or interpretation is called for.
 

 In the case of
 
 Willard, Admr.,
 
 v.
 
 Wood, Exrx., 4
 
 Mackey’s Reports, 538, later affirmed by the Supreme Court of the United States in 164 U. S., 502, 41 L. Ed., 531, 17 S. Ct., 176, the primary question considered was stated as follows: “Is the question whether a particular contract is a specialty or a simple contract, one which relates to the construction of it, or the essential rights created by it, or one relating merely to the remedy?”
 

 The answer given by that court is so pertinent and concise as to be worthy of adoption. It was as follows-: “At first glance the former might seem to be the
 
 *37
 
 rule. But after all, the obligation of a contract, either to pay money or do a specific act, is just the same, whether it be under seal or not. The only differences made by the seal are in the form of the action on it, and the limit of time within which it must be brought. But these differences relate entirely to the question of rémedy. It is admitted on all hands that the law of the forum must always determine what form of action must be adopted in a given case. And since the question whether assumpsit or covenant shall be -brought depends on the dignity of the contract, the determination of the latter seems involved in the former, and dependent on the same law.
 

 “Such seems to be the rule settled by the authorities.”
 

 In the case of
 
 Coral Gables, Inc.,
 
 v.
 
 Christopher,
 
 decided by the Supreme Court of Vermont in 1937, 108 Vt., 414, 189 A., 147, the court had before it the same question. The only question for consideration was whether the note sued upon, which had been executed in Florida, was so executed as to be a contract under seal. The court held that where the remedy on such contract depends upon whether it is sealed or unsealed, the sufficiency of the seal is to be tested by the
 
 lex fori.
 
 In reaching that conclusion, the court stated: “Whatever pertains to the remedy is to.be determined by the law of the forum alone. This is so because each state regulates its own jurisprudence in its own way. It has its own way of enforcing rights and redressing wrongs. This in no way depends upon what the parties have agreed to, but to the policy of the law of the forum as a matter of its internal police [policy]. The statute of limitations affects the remedy only, and the question whether this action is barred thereby is to be determined by the law of this state.”
 

 The court concluded that, under the law of the state of Vermont where the action was brought, the contract involved was not a sealed instrument and therefore
 
 *38
 
 that Vermont’s six-year statute of limitations applied and, such period having expired, action could not be maintained thereon in that state. Numerous cases are cited to support this conclusion.
 

 The case of
 
 Mercer’s Estate,
 
 decided by the Supreme Court of Pennsylvania in 1938, 330 Pa., 475, 199 A., 481, also involved an obligation created by the assumption of a mortgage on Florida land arising from a contract executed in Florida. The statement of facts relative to the issues made with respect to the statute of limitations involved is very meager. The court held that the grantee’s assumption of the mortgage debt was a simple contract and subject to the six-year limitation period of Pennsylvania.
 

 The case of
 
 Burns Mortgage Co., Inc.,
 
 v.
 
 Hardy,
 
 decided by the Federal District Court of New Hampshire in 1937, 19 F. Supp., 827, likewise involved an action upon a promissory note executed in Florida. It was held that the law of New Hampshire and not that of Florida should be applied to determine whether the note was a specialty and governed by the 20-year statute of limitations of that state or the six-year limitation applicable to simple contracts. The case came before the Circuit Court of Appeals and was decided in 1938, 94 F. (2d), 477. The judgment of the District Court was affirmed. In deciding the case, the court announced as the legal proposition governing its conclusion the following:
 

 “That to the extent the validity of a seal affects the obligation of a contract it is to be tested by the
 
 lex loci contractus;
 
 but to the extent that it affects the remedy for the enforcement of the contract in a forum other than the one in which it was made, including the statute of limitations of such forum, it is to be tested by the law of the forum — the
 
 lex fori.”
 

 The case of
 
 Alropa Corp.
 
 v.
 
 Rossee,
 
 decided in 1936 by the Federal Circuit Court of Appeals of the Fifth Circuit, 86 F. (2d), 118, involved a suit in Georgia
 
 *39
 
 upon promissory notes executed in Florida. The law of the state of Georgia was applied to determine whether the instrument was such as to come within its 20-year statute of limitations covering instruments under seal, having announced that the law of the forum controlled.
 

 The case of
 
 Le Roy
 
 v. Beard, 49 U. S., 451, 12 L. Ed., 1151, involved an action brought in New York on an instrument executed in Wisconsin. The court found that, though the instrument involved conformed to the requirements of the law of Wisconsin relative to instruments under seal, it did not meet the requirements in that respect of the law of New York and held that the proper form of action must be such as is practiced on an unsealed instrument “in the state where the suit is instituted.”
 

 In the case of
 
 Mandru
 
 v. Ashby, 108 Md., 693, 71 A., 312, it was held that a sealed note, made in Ohio, though not a specialty, according to the laws of Ohio, will be treated as a specialty in Maryland, and is subject to the limitation laws of Maryland. In announcing its conclusion, the court stated:
 

 “While the
 
 lecc loci
 
 controls the nature, construction and validity of the contracts, yet the remedy upon them is regulated by the law of the forum and throughout the United States it seems to be almost universally established that the defense of limitations is a matter of procedure to be controlled by the law of the place where the suit is instituted.”
 

 In Ohio we have no contracts under seal, seals having been abolished. Therefore, under the law of this state, the obligation in question is a simple contract in writing. The limitation upon such action in this state is 15 years, but in Florida the limitation of action upon a simple contract in writing is five years. When this contract came before an Ohio court, no question of its construction or interpretation was presented. The court was called upon to ascertain only the character
 
 *40
 
 of the cause of action and determine the statute of limitations applicable thereto. The court could not determine that there was a cause of action upon a contract under seal for it is here only a contract in writing. Then the only question is whether the limitation of action upon a simple contract in writing is less under Florida law than here. If so, the defendant is entitled to the benefit thereof under the specific provisions of Section 11234, General Code. The limitation is less in Florida upon a simple contract in writing, being but five years; hence, by virtue of the provisions of Section 11234, General 'Code, the action is barred.
 

 For the reasons stated, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.