## Kavanaugh v. Lee

*Paul A. Rafferty*, for plaintiff.
*Philip C. Pendleton*, for defendant.

WINNET, J., May 12, 1943.—Plaintiff has brought suit on what counsel contends is a foreign judgment. The statement of claim, however, sets up that plaintiff and defendant were tenants in common of a house in Atlantic City; that defendant owned a one-third interest; that an oil burner was ordered for the house and defendant agreed to pay one third of the cost. The creditor has recovered judgment in New Jersey against both plaintiff and defendant for the cost of the oil burner and plaintiff in order to prevent an execution paid the entire amount and took an assignment of the judgment. An exemplified copy of the judgment in the New Jersey court is attached to the statement of claim. Plaintiff now seeks to recover defendant's share of that judgment. The affidavit of defense sets up the defense of the statute of limitations.

At the trial counsel for plaintiff did not content himself with offering the foreign judgment in evidence but put his client on the stand to go into the circumstances under which the oil burner was bought and the dispute that arose in connection with it. She testified also about the trial in New Jersey and about the judgment which was rendered against both her and defendant.

A motion for nonsuit was overruled and defendant took the stand, claiming that when she sold her interest to plaintiff she was relieved of all liability on the oil burner. Both parties have handed up points for binding instructions.

The real issue between the parties is the nature of the suit. Is it a suit on a foreign judgment, or is it a suit by plaintiff for contribution? If this is a suit on a foreign judgment, then the plea of the statute of limitations of defendant cannot be sustained. In Pennsylvaia the statute of limitations is no defense to a claim represented by a judgment where the claim is not barred by the laws of the State where the judgment is entered: 6 Standard Pa. Practice 755, §293.

It is clear, however, both from the statement of claim and from the trial of the case that plaintiff is pressing for a right of contribution from defendant. Her statement of claim says so. She said so on the witness stand. She states that on the first day of August 1929 she paid the full sum of $1,232.24 in payment of the judgment debt. She seeks to recover defendant's one-third share with interest from that date. On the witness stand she went into the circumstances of her dealings with defendant and laid a proper basis for her right of contribution. But such right of contribution is an ordinary claim and under our laws must be brought within six years. Suit was not started until approximately twelve years after her claim accrued. There was no proof of the tolling of the statute. Even though this claim arose in New Jersey, the law of the forum controls as to the statute of limitations and by that law it is barred: Rosenzweig, Admx., v. Heller, 302 Pa. 279; Mercer's Estate, 330 Pa. 475.

Plaintiff's counsel has argued with some force that the suit must be regarded as one on a foreign judgment, plaintiff as assignee succeeding to the rights of plaintiff in the judgment in the New Jersey court, and that the allegations and proof as to the right of contribution be regarded as surplusage or merely to indicate the exact amount of the judgment defendant is asked to pay. The difficulty with this argument is that defendant was justified in regarding the suit as one for contribution and defending it on that theory. In a suit on a foreign judgment the issues would be limited to the court's jurisdiction and whether or not the judgment had been paid: Mitchell, Receiver of the Liberty Clay Products Co., 291 Pa. 282, 288. A defendant is required to meet the issues presented in the statement of claim and none other.

Accordingly, the court affirms defendant's requests for findings nos. 1 and 2, and finds for defendant.