## Smith Estate

*High, Swartz, Flynn & Roberts*, for accountants.

*Harry J. Alker, Jr.*, for claimants.

VAN RODEN, P. J., Orphans' Court of thirty-second judicial district, specially presiding, December 30, 1947.—Eliza Egolf Server and Howard Egolf, trading as Gus Egolf, have filed a claim against the estate of

this decedent for the balance alleged to be due on the purchase price of certain articles of furniture purchased by decedent during the period from September 18, 1929, to February 1, 1930, in the total amount of $460.50. After crediting decedent with certain payments on account, there is alleged to be due a balance of $145 with interest.

In support of their claim, claimants offered their book account in evidence. This was not violative of the so-called "Dead Man's Rule", Act of May 23, 1887, P. L. 158, sec. 5(e), 28 PS §322, which provides that where a party to a transaction is deceased, the surviving party to such transaction is incompetent to testify to matters occurring before the death of the other party. As explained by Holland, P. J., in Barclay's Estate, 20 D. & C. 626 (1934), testimony of a claimant against a decedent's estate, that books offered in evidence by him are his original books of entry, relates to an existing fact and not to facts occurring in decedent's lifetime. Accordingly, claimant may prove his own books of original entry, but may not go further: Remick, Pa. Orphans' Court Practice, 438, §157, N. 59. In the instant case, therefore, the book account was properly admitted in evidence and constituted sufficient proof of the purchase of certain articles of furniture by decedent from Gus Egolf on the dates alleged.

The real question here involved, however, is whether the claim is barred by the statute of limitations. Such defense is, of course, available in the orphans' court as well as in the court of common pleas: Remick, supra, §157(f) ; Mercer's Estate, 330 Pa. 475 (1938).

Claimants rely upon an alleged part payment made within six years prior to decedent's death as tolling the statute.

"While a part payment of a debt, if intended as such, will toll the statute . . . the law has consistently required that certain standards of proof be met or

otherwise the prime purpose of the statute would be defeated and the protection afforded by it would become illusory": McPhilomy v. Lister, Executrix, 341 Pa. 250, 253 (1941).

The only evidence of part payment in the instant case is the aforementioned book account which shows various payments on account made between September 18, 1929, and December 7, 1931, on which date a balance of $150 is shown, followed by an entry of a payment of $5 on July 18, 1946, leaving a balance of $145. The court must determine, therefore, whether this entry is in itself sufficient to toll the statute of limitations.

It has been held that an entry of credit in an account without proof aliunde of actual payment is not sufficient evidence in itself that such payment was made before the claim was barred by the statute of limitations: Butterweck's Estate, 4 Dist. R. 563 (1895). Accord: Hull v. Mooney, 5 W. N. C. 511 (1878) ; Newton v. Smith, 6 W. N. C. 56 (1878). The reason for the rule is obvious, although an entry of credit is normally a declaration against interest, but may actually be merely a self-serving declaration when asserted as a bar to the operation of the statute of limitations.

In any event, books of original entry admitted in evidence are prima facie but not conclusive evidence of the matter they record: Grogan v. Michael, 349 Pa. 369, 373 (1944).

In the case presently before the court, the probative value of the entry in the book account purporting to show a payment of $5 on July 18, 1946, is considerably weakened by the fact that the book account shows the sale of the article of furniture to decedent between September 18, 1929, and February 11, 1930, and credits for payments on account during that time and during the years 1930 and 1931, with no further payments for nearly 15 years until the alleged payment of $5, about four months before the date of decedent's death.

In addition, the correctness of said entry is completely contradicted by the positive testimony of decedent's physician and sister that decedent was confined to bed by illness on the date of the alleged payment and therefore could not have made such payment in cash, as alleged by claimants.

After careful consideration of all the evidence in the case, the court is of the opinion that claimants have not produced sufficient evidence to toll the statute of limitations. Accordingly, the claim of Eliza Egolf Server and Howard Egolf, trading as Gus Egolf, is hereby disallowed and dismissed.