CASTROVINCI, APPELLANT, *v.* CASTROVINCI, APPELLEE.

(No. 22501—Decided October 13, 1952.)

*Mr. Paul Mancino,* for appellant.
*Mr. Austin T. Klein,* for appellee.

THOMPSON, J. This is an appeal to this court on questions of law from a judgment of the Municipal Court of Cleveland, sustaining a demurrer by defendant to the first cause of action of a petition filed by plaintiff, a tenant of defendant, to recover certain alleged overcharges of rent for the period from October 1, 1946, to June 1950. By a second cause of action it was sought to recover treble damages for alleged overcharges from July 1, 1950, to May 31, 1951. The suit was commenced on July 3, 1951, under the terms of the Federal Rent Control Act of 1947.

Defendant's demurrer to the first cause of action was based on the provisions of that act, particularly Section 205 thereof, prescribing a one-year limitation for the bringing of certain suits under the act. The trial court having sustained defendant's demurrer and plaintiff desiring to plead no further with respect thereto, the court rendered judgment for defendant on the first cause of action. The suit is still pending in the Municipal Court on the second cause of action, the appeal on questions of law to this court being with reference to the action of the trial court in rendering judgment in favor of the defendant on the demurrer.

We turn to the provisions of the Federal Rent Control Act of 1947 and amendments to the extent that they affect plaintiff's first cause of action.

No Ohio court to date appears to have passed on the question here involved. Counsel have presented us with excellent briefs and we gladly set forth our views, as requested, for the benefit of the trial court.

We find that the question we are here concerned with was considered in the case of *Meyercheck* v. *Givens* (C. C. A. 7), 180 F. (2d), 221, a decision of the United States Circuit Court of Appeals under date of February 8, 1950. The reasoning of the court commends itself to our judgment. It is there held that under Section 205 of the Housing and Rent Act of 1947 (61 Stats. at L., 199, Title 50, Section 1895, Appendix, U. S. Code), a tenant may not recover damages for overcharges of rent received by his landlord prior to one year before commencement of the action. This conclusion is based upon the language of Section 205 of the act, which provides, in part, as follows:

"Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment, for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount; *Provided*, that the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation. Suit to recover such amount may be brought in any federal, state, or territorial court of competent jurisdiction within one year after the date of such violation * * *."

Argument was made in this court that the overpayments on the part of the tenant having been accepted by the landlord, the tenant has a claim for money had and received either under Ohio or general law to the extent of the unlawful payments, and that the one-year statute of limitation provided in Section 205 does not bar an action of such character by the tenant for restitution of overpayments. As against this argument, we must recognize that were it not for the rent control act there would be no such right of action, under any circumstances, as one for overpayment of rent, because the only applicable law would be the law of contracts. While the Federal Rent Control Act of 1947 restricted the rights of parties to contract fully with respect to rent on the grounds of national emergency, it must be conceded that without the act there would be no restriction and no cause of action. It follows that the only cause of action for recovery of excess rent payments referred to in the act is that granted thereunder.

The federal case of *Meyercheck* v. *Givens, supra,* was followed in the state court case of *Thomsen* v. *Mill* (March 1952), 248 S. W. (2d), 6, a decision by the Kansas City (Missouri) Court of Appeals. In the latter case, plaintiffs brought suit to recover certain alleged excess rental payments, stating that for the year November 1, 1949, to November 1, 1950, rent was paid in advance by plaintiffs to defendants in the sum of $1,800, that the maximum rent was $60 per month, that plaintiffs did not at the time of the payments know the amount of rental that could lawfully be charged, that plaintiffs relied on representations of defendants that the rent charge was lawful, and that by reason of fraudulent representations plaintiffs had been damaged in the sum of $1,080 actual damages, and were entitled additionally to punitive damages of $3,000.

Defendants moved to dismiss the petition on the ground that the statutes of the United States upon which plaintiffs relied for their cause of action provided that such action must be brought within one year from the date of the overcharge complained of and that the petition was not filed until January 31, 1951. The trial court sustained defendants' motion to dismiss plaintiffs' petition on the ground that the cause of action was barred by statutory limitations. The court pointed out that the allegations of fraud as a basis for recovery of damages did not alter the fundamental character of the cause of action for excess rent payments, and that the action was barred by the statutory limitation set forth in Section 205. In its opinion, the court declared:

"The plaintiffs in their petition specifically assert that the maximum rental rate was determinable under the National Housing Act, and upon such determination they calculate and state their alleged liquidated actual damages. The fact is that if they have any cause of action at all for the recovery of payments in excess of the maximum so established by that act, plus any multiple thereof, such cause of action must necessarily be founded on the landlord's liability created by that act. Without such emergency law of Congress the rental agreement pleaded would have been absolutely valid and binding on all parties, there would have been no maximum rental ceiling, no excess rentals paid by the plaintiffs, no violation of plaintiffs' rights, no liability on the defendants' part, and no basis for penalty or punitive damages under the facts pleaded. The basic substantive rights on which the petition is based are those only which are created under the federal law referred to in the petition. *The further pleading of malice and fraud as a basis for recovery of the damages, actual or punitive, does not alter the funda-*

*mental character of the cause of action stated.''* (Emphasis added.)

The court also quoted with approval the statement in 53 Corpus Juris Secundum, 975, Limitations of Actions, Section 30, that where by statute a right of action is given which did not exist by the common law, and the statute giving the right fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition on such right, and will control, no matter in what forum the action is brought, and such rule does not make the general provisions of the statute of limitations existing in the jurisdiction where the liability was created operate extraterritorially. We believe that this sound principle of law is the answer to the contention of the appellant that the present case comes within the provisions of the statute of limitations in Ohio permitting recovery of money unlawfully had and received, *i. e.*, the six-year period provided by Section 11222, General Code.

For the reasons stated, we believe that the one-year statute of limitation set forth in Section 205 of the Federal Rent Control Act of 1947 is applicable to a suit by a tenant who has paid more than the ceiling rent and that any action for excess payments on his part during the effective date of that act is barred unless brought within one year after such payments were made.

The judgment of the trial court dismissing plaintiff's first cause of action is affirmed.

*Judgment affirmed.*

SKEEL, P. J., and HURD, J., concur.