Gloria E. MYERS, Administratrix of the Estate of Fred Myers, Deceased, Plaintiff-Appellant,

v.

ALVEY–FERGUSON COMPANY, Werner Associates and Oliver E. Werner, Defendants-Appellees.

No. 15351.

United States Court of Appeals Sixth Circuit.

Jan. 27, 1964.

Otto F. Putnick, Cincinnati, Ohio, Richard C. Curry, Cincinnati, Ohio, on brief, for appellant.

Ralph F. Mitchell, Cincinnati, Ohio, Rendigs, Fry, Kiely & Dennis, by William H. Fry, Cincinnati, Ohio, on brief, for Alvey-Ferguson Co.

Edwin J. Dreibelbis, Cincinnati, Ohio, Brumleve, DeCamp & Wood, Cincinnati, Ohio, on brief, for Werner Associates and Oliver E. Werner.

Before McALLISTER, Senior Circuit Judge, and BOYD and WILSON, District Judges.

### PER CURIAM.

This is an appeal from a judgment dismissing the complaint herein on the ground that the cause of action was barred by the statute of limitations. Appellant's decedent was fatally injured in an accident occurring in Washington, D. C., on September 15, 1960. As a result of her husband's death, appellant filed suit within one year of the accident in the United States District Court for the District of Columbia. The complaint in that suit was dismissed by the court on jurisdictional grounds. Subsequently and within two years of the accident (September 14, 1962) the same suit was commenced in the District Court for the Southern District of Ohio. The appel-

lees in this latter proceeding filed motions to dismiss, contending the cause of action in the State of Ohio was barred by the applicable statute of limitations of the District of Columbia. The appellant thereupon, on leave of court, amended her complaint by mere reference to the earlier District of Columbia suit. Her amended complaint did not materially alter the basic allegations of the original complaint before the Ohio District Court. Following the aforesaid amendment, appellees renewed their motions to dismiss which were sustained. It is from this judgment that the within appeal is taken.

In the hearing below, the parties and the trial judge treated the District of Columbia statute of limitations for wrongful death actions [1] as controlling. The applicability of the District of Columbia statute is not challenged on this appeal. Appellant's primary contention here seems to be that the amended complaint embraces not only a wrongful death action, but is broad enough to cover an action under the survival statute [2] of the District of Columbia, which includes a three-year statute of limitations.[3] In her prayer for relief before this appellate court, appellant seeks to have the District Judge's action in dismissing the complaint set aside in order that she might be "permitted to amend her complaint to set forth clearly her cause of action under the survivorship section." Nowhere has appellant contended she was denied opportunity to amend her complaint in the District Court. In fact, the District Judge expressly granted her time within which to file an amended complaint. Appellant did so amend, but, as stated, in no way indicated her intent to rely on the aforementioned survival statute. Inasmuch as the appellant did

1. District of Columbia Code, Section 16–1202. "Every such action (wrongful death) shall be brought by and in the name of the personal representative of such deceased person, and within one year after the death of the party injured."

2. District of Columbia Code, Section 12–101. "On the death of any person in whose favor or against whom a right of action may have accrued for any cause

prior to his death, said right of action shall survive in favor of or against the legal representative of the deceased: Provided, however, that in tort actions, the said right of action shall be limited to damages for physical injury except for pain and suffering resulting therefrom."

3. District of Columbia Code, Section 12–201.

not raise the contention in the trial court that this was a survival action, the District Judge will not now be charged with error in dismissing her complaint. Such an issue cannot be raised for the first time on appeal. Meyer v. W. R. Grace & Co., 290 F. 785 (C.C.A.7, 1923); Weiss v. Duro Chrome Corporation, 207 F.2d 298 (C.A.8, 1953); Walker v. Felmont Oil Corporation, 262 F.2d 163 (C.A.6, 1958), cert. denied 361 U.S. 840, 80 S.Ct. 61, 4 L.Ed.2d 78. It follows that the District Judge, having committed no reversible error, is in all things affirmed.