Gloria E. MYERS, Administratrix of the Estate of Fred Myers, Deceased, Plaintiff-Appellant,

v.

ALVEY–FERGUSON COMPANY, Werner Associates, and Oliver E. Werner, Defendants-Appellees.

No. 15601.

United States Court of Appeals
Sixth Circuit.

May 5, 1964.

Otto F. Putnick, Cincinnati, Ohio, for appellant; Richard C. Curry, Goldman, Cole & Putnick, Cincinnati, Ohio, on brief.

Ralph F. Mitchell, Cincinnati, Ohio, for appellee Alvey-Ferguson Co.; Rendigs, Fry, Kiely & Dennis, William H. Fry, Cincinnati, Ohio, on brief.

Richard H. Pennington, Cincinnati, Ohio, for appellees Werner Associates and Oliver E. Werner; Brumleve, De-Camp & Wood, Edwin J. Dreibelbis, Cincinnati, Ohio, on brief.

Before MILLER, CECIL and EDWARDS, Circuit Judges.

CECIL, Circuit Judge.

Gloria E. Myers, as administratrix of the estate of her deceased husband, brought an action in the United States District Court for the Southern District of Ohio under Section 101, Title 12, District of Columbia Code.[1] It is alleged in

---

1. "On the death of any person in whose favor or against whom a right of action may have accrued for any cause prior to his death, said right of action shall survive in favor of or against the legal representative of the deceased: * * *".

the complaint that the deceased was injured in an accident in Washington, D. C., on September 15, 1960, through the negligence of the defendants and that he died on September 21, 1960, as a result of the injuries sustained in the accident. The district judge dismissed the action as not having been brought within the time limit provided by the Ohio statute of limitations [2] and this appeal followed.

The sole question presented on this appeal is whether the time limit for filing this survivorship action is governed by the two-year statute of Ohio or the three-year statute of the District of Columbia.[3] The action was filed in the District Court more than two years and less than three years after the accident.

■ Jurisdiction of the District Court was invoked by virtue of diversity of citizenship. In such cases, since Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, federal courts, when deciding questions of conflict of laws, must follow the rules prevailing in the states in which they sit. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. The law of Ohio pertaining to the application of statutes of limitation to causes of actions accruing in sister states was announced in an early Ohio case. In Pinney v. Cummings, 26 Ohio St. 46, the court said: "Actions upon causes of actions accruing outside of this state, and not limited by the law of the place where they accrued, or limited thereby to longer periods than those specified in our statute, are governed as to limitation by the Ohio statute in like manner as causes of action accruing within the State." See also: Kerper v. Wood, 48 Ohio St. 613, 29 N.E. 501, 15 L.R.A. 656; McCormick v. Taft, 61 Ohio App. 200, 22 N.E.2d 510. In Alropa Corp. v. Kirchwehm, 138 Ohio St. 30, 33 N.E.2d 655, it was held that stat-

utes of limitations are remedial and subject to the law of the state in which the action is brought. To the same effect is an opinion of Mr. Justice Story in Bank of United States v. Donnally, 8 Pet. 361, 33 U.S. 361, 8 L.Ed. 974.

■ In accordance with the general rule in Ohio as indicated by the above cited cases, the Ohio statute of limitations is applicable to the time for filing the plaintiff-appellant's action in the District Court. There is another principle of law, that may be regarded as an exception to the general rule, which counsel for plaintiff-appellant claims is controlling here. If the statute creating a cause of action also fixes a limitation of time in which an action may be brought, the limitation is regarded as a part of the substantive law of the cause of action and is controlling when an action is brought in a sister state. A limitation in a separate statute of the creating state may be a part of the substantive law, if in express terms it is made applicable to the liability created by statute. Maki v. George R. Cooke Co., 124 F.2d 663, 666, 146 A.L.R. 1352, C.A.6 (Mich.). See also: Hutto v. Benson, 212 F.2d 349, 352, C.A.6 (Tenn.); Zellmer v. Acme Brewing Co., 184 F.2d 940, C.A.9 (Cal.); and, Wilson v. Massengill, 124 F.2d 666, C.A.6 (Tenn.).

The exception was recognized by the Supreme Court in Davis v. Mills, 194 U.S. 451, 24 S.Ct. 692, 48 L.Ed. 1067, decided prior to Erie v. Tompkins. The Court said, 196 U.S. at p. 454, 24 S.Ct. at p. 693, 48 L.Ed. 1067: "It is true that this general proposition is qualified by the fact that the ordinary limitations of actions are treated as laws of procedure, and as belonging to the lex fori, as affecting the remedy only, and not the right. But in cases where it has been possible to escape from that qualification by a

2. "An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose." Section 2305.10, Ohio Revised Code.

3. " * * * (N)o action the limitation of which is not otherwise specially prescribed in this section shall be brought after three years from the time when the right to maintain such action shall have accrued: * * *." Section 201, Title 12, District of Columbia Code.

reasonable distinction, courts have been willing to treat limitations of time as standing like other limitations, and cutting down the defendant's liability wherever he is sued. The common case is where a statute creates a new liability, and in the same section or in the same act limits the time within which it can be enforced, whether using words of condition or not. The Harrisburg, 119 U.S. 199 [7 S.Ct. 140, 30 L.Ed. 358]. But the fact that the limitation is contained in the same section or the same statute is material only as bearing on construction. It is merely a ground for saying that the limitation goes to the right created, and accompanies the obligation everywhere. The same conclusion would be reached if the limitation was in a different statute, *provided it was directed to the newly created liability so specifically as to warrant saying that it qualified the right."* (Emphasis added.)

Counsel for appellant attaches great importance to the case of Maki v. George R. Cooke Co., 6 Cir., 124 F.2d 663, decided by this Court. That case involved Michigan conflict of laws and is not applicable in Ohio. However, this principle of law, here characterized as an exception to the general rule, was quoted with approval in Castrovinci v. Castrovinci, 93 Ohio App. 133, 138, 112 N.E.2d 53. This Court had occasion to consider this principle in a prior case between the same parties involving the same accident. 326 F.2d 590. In that case the plaintiff-appellant brought an action for wrongful death, under the District of Columbia Code (Section 1201, Title 16), in the United States District Court for the Southern District of Ohio. Section 1202, Title 16, of the District of Columbia Code limits the time in which an action for wrongful death may be brought to one year after the death of the party injured and is specifically directed to the liability created by Section 1201, Title 16 of the Code. The complaint was filed more than a year following the death of the deceased and the district judge dismissed the action for the reason that it was not brought within the time limit fixed by the act which created the liability. The limitation there was properly considered a part of the substantive law of the cause of action.

The case now before us does not involve a statute which makes the limitation a part of the substantive law of the cause of action. No limitation of time for bringing an action under Section 101, Title 12, of the District of Columbia Code is fixed as a part of the cause of action created by that section. Neither is the limitation provided by Section 201, Title 12, of the District of Columbia Code, directed so specifically to the liability here involved as to warrant saying that it qualifies or defines the right.

▮ Counsel for the appellant contends that the Ohio rule violates the Full Faith and Credit Clause of the Federal Constitution.[4] In Wells, Adm'r v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211, the cause of action arose in Alabama and the action was brought in Pennsylvania. The Alabama statute creating the cause of action had a two-year "built in" limitation. The Pennsylvania statute applicable to an analogous cause of action was one year. The district judge found that under the Pennsylvania conflict of laws rule the Pennsylvania limitation was applicable rather than that of the place of the accident. The Supreme Court granted certiorari limited to the question whether the Pennsylvania conflicts rule violated the Full Faith and Credit Clause of the Constitution.

The Court said at p. 517 of 345 U.S., p. 858 of 73 S.Ct., 97 L.Ed. 1211: "We are not concerned with the reasons which have led some states for their own purposes to adopt the foreign limitation, instead of their own, in such a situation. * * * Our prevailing rule is that the Full Faith and Credit Clause does not compel the forum state to use the period of limitation of a foreign state." The

---

4. "Full Faith and Credit shall be given in each State to the public Acts, Records and Judicial Proceedings of every other State." U.S.Const., Art. IV, Sec. 1, cl. 1.

226

judgment of the District Court was affirmed. The Court said, with reference to Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212, and First National Bank v. United Air Lines, 342 U.S. 396, 72 S.Ct. 421, 96 L.Ed. 441: "The crucial factor in those two cases was that the forum laid an uneven hand on causes of action arising within and without the forum state. Causes of action arising in sister states were discriminated against." In this case, by application of the Ohio statute of limitations, the plaintiff-appellant is not subjected to a different rule than are the residents of the state of Ohio.

We conclude that the action of the plaintiff-appellant was barred by the Ohio statute of limitations and the judgment of the District Court is accordingly affirmed.