**MFA LIFE INSURANCE COMPANY,**
Plaintiff–Appellee,

v.

**Earleaer KYLE, Defendant–Appellee,**

v.

**Eddie Mae KYLE, Defendant–Appellant.***

No. 79–3238.

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 15, 1979.
Decided Nov. 3, 1980.

Ishmael C. Childs, Childs & Perry, Cleveland, Ohio, for defendant–appellant.

Fletcher C. Lewis, Johnson & Lewis, Ltd., Little Rock, Ark., for Earleaer Kyle.

Linda M. Pistner, Arter & Hadden, Cleveland, Ohio, for MFA.

Before KENNEDY and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This interpleader action was filed by MFA Life Insurance Company to determine who is entitled to the proceeds of an insurance policy on the life of William Kyle. Appellant filed a motion to submit the appeal on briefs without oral argument. This motion is granted.

Two parties claim the proceeds of the insurance policy: Eddie Mae Kyle, decedent's wife of forty-four days at the time of his death, and Earleaer Kyle, decedent's wife of five and one-half years at the time of their divorce in 1977.

District Judge Robert M. Krupansky summarized the undisputed facts as follows:

> On May 28, 1972, William Kyle and Earleaer were married in Augusta, Arkansas and lived together as husband and wife in Patterson, Arkansas . . . . Thereafter, on December 20, 1977, the Chancery Court of Woodruff County, Arkansas, entered a Decree of Divorce dissolving their marriage . . . . In said Decree, the Chancery Court also approved and incorporated a child custody and property settlement agreement executed by and between William Kyle and Earleaer. Said property settlement agreement made no reference to MFA life insurance policy No. L–135307, which had been issued previously to William Kyle, as insured, effective September 27, 1977, and under which Earleaer was the named beneficiary.

> Subsequently, at an undisclosed date, William Kyle moved to Cleveland, Ohio, where he married Eddie Mae on January 21, 1978, and where he died on March 5, 1978. William Kyle died intestate and without giving written notice to MFA regarding a change of beneficiary.

Judge Krupansky held that since the property settlement between William Kyle and Earleaer Kyle was executed in Arkansas by then residents of Arkansas, Ohio conflict of law rules required that the district court look to Arkansas law to determine what effect, if any, this agreement might have on the rights of Earleaer Kyle to take the proceeds of the life insurance policy. As authority for this proposition, the court cited *Mutual Life Ins. Co. of New York v. Cohen*, 179 U.S. 262, 21 S.Ct. 106, 45 L.Ed. 181 (1900); *Sheerin v. Steele*, 240 F.2d 797 (6th Cir. 1957); *Alropa Corp. v. Kirschwehm*, 138 Ohio St. 30, 33 N.E.2d 655 (1941); *McCormick v. Taft*, 61 Ohio App. 200, 22 N.E.2d 510 (1938).

In granting the motion of Earleaer Kyle for summary judgment, Judge Krupansky held that *Allen v. First National Bank of Fort Smith*, 261 Ark. 230, 547 S.W.2d 118 (1977) is dispositive. In that case the Supreme Court of Arkansas held that a former wife who is the named beneficiary of an insurance policy issued on the life of her then husband, later divorced, is not divested of her interest in the proceeds of the policy absent a provision to that effect in the property settlement agreement. The property settlement between Earleaer Kyle and William Kyle contained no such provision.

The life insurance policy which is the subject of this appeal contained this language:

> Unless otherwise provided by endorsement hereon or attached hereto, the Beneficiary for insurance payable upon the death of the Insured shall be the Insured's spouse if living, otherwise the Insured's estate. . . .

"Insured spouse" was defined by the policy as: "the wife or husband of the Insured named in the application for this policy." Judge Krupansky ruled that these provisions of the life insurance policy required that Earleaer Kyle be awarded the proceeds of the policy since she was the wife of William Kyle at the time of the application for the policy and as she was the named beneficiary of that policy at the time of William Kyle's death.

We conclude that the district court did not err in determining that there is no genuine issue as to any material fact, and in granting summary judgment to Earleaer Kyle.

Affirmed. The costs of this appeal are taxed against the appellant, Eddie Mae Kyle.