Kolber *v.* The Cyrkle et al., Appellants.

Argued November 21, 1968. Before BELL, C. J.,
JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*I. Raymond Kremer,* with him *Ellis Cook,* and
*Kremer, Krimsky & Luterman,* for appellant.

*Samuel P. Lavine,* with him *Steinberg, Greenstein,
Richman & Price,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 15, 1969:

In *Sheryl Records, Inc. v. The Cyrkle* and *Kobler
v. The Cyrkle,* 431 Pa. 299, 245 A. 2d 454 (1968), we
held that the writ of foreign attachment served upon
Columbia Broadcasting System, Inc. (CBS), should
be dissolved. CBS had in its possession moneys due
the individual defendants who constituted a singing
group, which moneys were the accumulation of royal-
ties arising from the proceeds of the sale of phonograph
records. These royalties were not partnership funds
but were payable to the defendants as compensation
for their personal services and individual efforts.
Hence they constituted wages or salaries within the
meaning and objectives of the Act of April 15, 1845,
P. L. 459, 42 P.S. §886, and thus were exempt from
attachment.

While those actions were in the process of being
determined, this present third action in foreign attach-
ment was instituted. Funds in the hands of CBS were

attached by the same party-plaintiffs who had previously so done. A determination refusing to dissolve the writ was made by the lower court which did not at the time of its decision have the benefit of this Court's opinion in 431 Pa. 299. From the lower court's refusal to dissolve the writ of foreign attachment, this appeal was taken.

Appellee now contends, even though the contract between CBS and appellants was for appellants' individual services, the earnings generated by appellants individually were for the benefit of the partnership and therefore not protected from attachment. Appellee further maintains that the partners cannot defeat the rights of creditors of the partnership to partnership property by performing services in the course of the partnership business under contract made in their own individual names instead of the partnership name. However, these contentions do not reach the issue because appellee fails to recognize that the propriety of the writ of foreign attachment is not based upon the relationship of the individuals to the partnership, but rather is bottomed on the relationship of the individual members with CBS. There is no evidence that these individuals arranged with CBS to defraud creditors. Hence, in order to determine the propriety of the writ of foreign attachment, it is the relationship of the individuals with CBS that determines the applicability of the Act of 1845.

It is not important that the funds earned as salary by the individuals as a result of their employment with CBS are subsequently allocated to the partnership by the individuals. Salaries and wages in the hands of the employer are not susceptible to attachment even though those funds are channeled by the individuals into the partnership. The Act of 1845 protects those funds from attachment while in the hands

of the employer. Appellee here seeks to circumvent the statutory protection—this we will not permit.

Order reversed.