**Guty v. United States Steel Corp.**

*A. J. Kudzenyi,* for plaintiff.
*James D. Strader,* for defendant.

FEIGUS, J., January 5, 1972.—This case is before the court upon plaintiff's motion for a preliminary injunction after hearing on November 8, 1971, upon rule issued on November 2, 1971. Defendant filed an appearance on November 9, 1971, but has filed no motions or brief.

This matter concerns the right of defendant multi-State corporate employer to withhold a resident

plaintiff employe's wages earned at his employment in defendant's Robena, Greene County, Pa., coal mining operations. It is admitted that defendant has been deducting plaintiff's wages for payment of Ace Finance Company, a Cleveland, Ohio, based firm, by virtue of attachment or garnishment proceedings instituted against plaintiff in a Cleveland, Ohio, court.

At this stage of the proceedings, we feel it is unnecessary for us to rule upon obvious jurisdictional questions which here present themselves.

There has been a long-existing strong public policy in this Commonwealth against the garnishment of wages and in favor of preferential treatment of wage earners, as reflected in statutory and decisional law: 16 P.L.E. 243; 12 PS §2175, 42 PS §886, 43 PS §260.1 et seq.; 43 PS §273, 69 PS §1401(e); Kolber v. The Cyrkle et al., 433 Pa. 247; Resolute Insurance Co., Inc. v. Pennington, 423 Pa. 472, 478; Eastern Lithographing Corp. v. Sur et al., 203 Pa. Superior Ct. 21; Resolute Insurance Co., Inc. v. Pennington, 423 Pa. 472; Right Lumber Co. v. Kretchmar, 200 Pa. Superior Ct. 335; Bell v. Roberts et al., 150 Pa. Superior Ct. 469; Wagner-Taylor Co. v. McDowell et al., 137 Pa. Superior Ct. 425; Pasos v. Ferber, 263 F. Supp. 877. The Federal government has recently expressed a similar strong public policy in its enactment of the Federal Consumer Protection Act, more commonly known as the Federal Truth in Lending Act, Pub. L. 90-321, Title I, sec. 301, et seq., May 29, 1968, 82 Stat. 163, 15 U.S.C. §167, et seq. The Commission on Uniform State Laws has incorporated similar protection for wage earners in the Uniform Consumer Credit Code, sec. 5.101, et seq. See also 4 Anderson-Uniform Commercial Code (2d Ed.) sec. 9-102:4; 41 Pa. Bar Quarterly 173. The United States Supreme Court has recently declared that without complete

ante-attachment protective provisions for the benefit of the wage earner, the garnishment and attachment of wages, presently owed or to be earned in the future, is probably violative of the due process clause of the Fourteenth Amendment to the Constitution of the United States: Sniadach v. Family Finance Corp., et al. 395 U.S. 337; 23 L. Ed. 2d, 349, 89 S. Ct. 1715. Moreover, the rule of comity does not necessarily require us to give full faith and credit to statutes and legal processes of sister States which are a form of economic peonage and are so abhorrent to our strongly held public policy: 15A C.J.S. 393; 16 Am. Jur. at pp. 996, et seq.; McCurdy's Estate, 303 Pa. 453. To the contrary, we are of the opinion that we must be astute to prevent this evasion of our laws and to protect resident wage earners from unconstitutional treatment by the judicial processes of sister States, especially where such processes directly affect or interfere with a local employer-employe relationship.

We will temporarily enjoin defendant from paying over to Ace Finance Company any wages hereafter to become due to plaintiff from defendant until further hearing and/or order of this court. We are sua sponte joining Ace Finance Company as an additional defendant, with service to be made upon it by plaintiff by registered or certified mail in accordance with Pennsylvania Rule of Civil Procedure 1504(b)(2)(b) and Pa. R. C. P. 2232(c).

## PRELIMINARY ORDER

And now, January 5, 1972, after preliminary ex parte hearing, it appearing to the chancellor that plaintiff has established his rights to a preliminary injunction, it is ordered, adjudged and decreed that defendant be and it is temporarily restrained and enjoined until further hearing and/or order of court,

from paying over compensation or wages hereafter to be earned by plaintiff as an employe of defendant to Ace Finance Company under and by virtue of attachment proceedings directed against plaintiff in the State of Ohio, without prejudice to defendant's right to place said wages in a special escrow fund pending final order of this court.

The chancellor sua sponte adds Ace Finance Company as an additional defendant with directions to plaintiff to serve a copy of this opinion and order upon it by registered mail, return receipt requested, said additional defendants to be required to appear herein within 20 days from service as aforesaid.